Grover **JORDAN**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee** (two cases).

Court of Appeals of Kentucky.

Oct. 11, 1963.

**634**

Daniel H. McKinney and Robert C. Porter, Jr., Cincinnati, Ohio, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., William J. Wise, Commonwealth's Atty., Newport, for appellee.

PALMORE, Judge.

While driving an automobile on a two-lane highway late at night appellant suddenly swerved left into the wrong traffic lane and struck four of five motorcycles moving in the opposite direction. Two of the cyclists were killed and several others severely injured. Appellant had not been drinking and, according to his testimony, was not drowsy. He had no explanation except for a theory that a hole found in the left front tire of his car indicated the possibility that he had struck a sharp rock or similar object, causing immediate deflation of the tire and a leftward lurch of the car. This theory was advanced by qualified experts and was countered by the opinion evidence of other experts that the hole in the tire resulted from one or more of the collision impacts.

Separate indictments for involuntary manslaughter under KRS 435.022(2) were returned in connection with the two fatalities. The cases were tried together by agreement, and in each case appellant was found guilty of the lesser offense of negligent homicide, KRS 435.025, and sentenced to the maximum penalty of one year in jail. In entering judgments the trial court failed to state, as required by RCr 11.04, whether the sentences were to be imposed concurrently or consecutively.

■ This court is of the opinion that admission of photographs showing the mangled body of one of the victims as it lay on the highway was a serious and prejudicial error. It was also entirely unnecessary and improper to permit testimony showing the extent of injuries to certain of the witnesses. There really was no question as to the force of the collisions, which had been amply and conclusively demonstrated by the other exhibits and testimony. However, we cannot have one set of laws for Kentucky attorneys and another for lawyers from other states who undertake the risk of trying cases here without familiarizing themselves with our laws and practice. Even if we assume the adequacy of the objections, the motion for new trial did not suffice to preserve the errors. "Other errors apparent on the face of the record" did not state a ground for new trial under Crim. Code of Practice, §§ 271, 274. Grayson v. Com., Ky., 354 S.W.2d 761 (1962).

■ With respect to the conversation among the witnesses in violation of the court's admonition, counsel made no objection whatever. Hence there is no possible error to review.

■ In the absence of a conclusively exculpatory explanation, the sudden movement of appellant's automobile to the wrong side of the road was enough evidence to support a verdict based on ordinary negligence under KRS 435.025.

■ That the Commonwealth's Attorney subsequently associated with other counsel in bringing civil suits against appellant in behalf of the victims of the accident is a circumstance we cannot consider on the merits of these appeals. The duties of a Commonwealth's Attorney do, however, include considerations that are not incident to and may even be inconsistent with an attorney-client relationship in civil litigation arising out of the same occurrence. Without intending any censure, but because this case provides an appropriate opportunity to clarify the question, we express the opinion that the Commonwealth's Attorney's subsequent acceptance of employment to prosecute civil actions against this appellant was improper, if for no other reason than the reflection it cast upon the whole course of the criminal proceedings, including the denial of probation. The administration of justice must

be above suspicion. The power and influence of a prosecuting attorney in a criminal proceeding are such that his civil employment in the same connection, either at the same time or thereafter, is inconsistent with the public interest in the good name of its courts.

The appellant was 19 years of age, married and steadily employed. His father having been killed in a mine accident at or about the time of the boy's birth, he was raised by his mother. At the time of the accident he was not out skylarking or misbehaving in any way, but was on the way home to Cincinnati from a visit to his mother in Barbourville, Kentucky. The report of the probation and parole officer disclosed that he had an unblemished record and that there was no reason why he should not have been placed on probation except that the injured parties and families of the deceased victims strongly objected, "and unfortunately the boy was driving the car without insurance." Motions for probation were overruled.

Probation is not tantamount to a pardon. It represents an effort to preserve the beneficial aspects of punishment without the destructive result of casting the offender out on society as a derelict. The probationer is not a free man. He is still substantially a ward of the state, and his liberty may be severely curtailed as provided in KRS 439.290. The state, not the injured individual, is the real party in interest and chief beneficiary of this process.

While we do not wish to interfere with the trial court's discretion in this respect, cf. Hurt v. Commonwealth, Ky., 333 S.W.2d 951, 953, in view of the unusual circumstances of the case, and the distinct possibility that the jury's verdict might have been less severe in the absence of the prejudicial evidence heretofore mentioned, we suggest that the trial court, under authority of KRS 439.260(3), reconsider the motions to suspend execution of the

appellant's sentences and place him on probation.

The judgments are affirmed.

MONTGOMERY, J., dissents from the portion of this opinion suggesting that the trial court reconsider the motions for probation.