**Ruby FREEMAN, Administratrix of the Estate of James M. Robbins, et al., Appellants,**

v.

**OLIVER M. ELAM, JR. COMPANY, Incorporated, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

Howard VanAntwerp, III, Howard Van-Antwerp, Jr., Ashland, for appellants.

John W. McKenzie, Ashland, for appellee.

MONTGOMERY, Judge.

Ruby Freeman, as the administratrix of the estate of James M. Robbins, deceased, sued Oliver M. Elam, Jr. Company, Incorporated, for the wrongful death of Robbins. He was buried alive in a trench cave-in. The jury returned a verdict for the company. On appeal it is urged that the instructions are erroneous and that certain evidence should have been admitted.

Robbins was killed on October 15, 1959, while working as an employee of the City of Ashland. Appellee had contracted with the City to excavate, trench, and backfill an open ditch approximately 6,000 feet long for the laying of a twelve-inch water main therein. After the ditch was dug, appellee was required to place the iron pipe in eighteen-foot sections in the bottom of the ditch. The employees of the City leveled the bottom of the ditch so that the pipe would lie flat. They also joined the pipe together and sealed the joints. The trench was supposed to be five feet deep. The dirt from the excavation was piled outside the ditch on the surface of a road which paralleled the ditch.

The cave-in occurred shortly after resumption of work following the lunch hour. During the lunch hour a portion of the east wall had fallen into the bottom of the ditch. It was variously described as a small chunk of dirt and as being a break in the side of the wall four feet long, two and one-half feet from the bottom of the ditch, and extending back ten inches.

Robbins and Hearne, another City employee, were engaged in leveling the dirt. Three other City employees then in the ditch were preparing to lay a section of pipe. For appellee there was testimony that one of its employees observed this break in the ditch wall and warned Robbins and the others of the cave-in danger. This was done ten or fifteen minutes before the cave-in. The City foreman saw a crack start at the top of the ditch wall and gave warning to the men to run. He said that a portion of the east wall about thiry feet in length and four feet in width, with materials stacked on it, suddenly caved in. Three of the men escaped, but Robbins and Hearne were trapped and covered by the cave-in. There was evidence tending to show that appellee's employees should have known of the danger from the nature of the soil. The ditch had been dug deeper at that point.

No complaint is raised concerning Instruction No. 1 in which the general duties of the appellee are set forth. Instruction No. 2 submitted the issue of whether Robbins disobeyed a warning of the danger. Instruction No. 3 submitted the question of whether the danger was so obvious that an ordinarily prudent person would not have worked or remained in the ditch. Instruction No. 4 submitted the issue of whether Robbins exercised ordinary care. Instruction No. 5 defined ordinary care.

Appellants contend that Instruction No. 2 imposed an absolute duty to leave the ditch and constituted prejudicial error since the jury should have considered whether in the exercise of ordinary care Robbins should or could have left the ditch. There is no merit in this contention for two reasons: First, the instruction is based solely on Robbins' disobedience of the warning. If Robbins chose to remain in the ditch after having been warned of the danger, there was nothing appellee could do to remove him; hence, no liability. Secondly, the question of whether Robbins acted in the exercise of ordinary care was submitted in Instructions No. 3 and No. 4.

It is urged that Instructions No. 3 and No. 4 are repetitious and improper. This is true. To constitute reversible error, however, the error must be prejudicial. Stein v. Louisville Water Company, Ky., 249 S.W.2d 750; Weaver v. Brooks, Ky., 350 S.W.2d 639. In Trosper Coal Company

v. Crawford, 152 Ky. 214, 153 S.W. 211, relied on by appellants, repetitious instructions were held to be improper, but the case was not reversed on that point. The error in repetitious instructions is not considered prejudicial here, especially in view of Instruction No. 5's defining ordinary care. Wiltshire's Adm'x v. Kister, 156 Ky. 168, 160 S.W. 743; Trent v. Chesapeake & Ohio Ry. Co., 221 Ky. 622, 299 S.W. 556.

■ It is next contended that the trial court erroneously refused to permit appellants to prove the identity of the real parties in interest; namely, the deceased's seven children. The action was prosecuted by the personal representative. The identity of the real parties in interest was not material to the issues. Proof of the identity would have thrown no light on the issues. If admitted it would have had no effect except possible prejudice against the appellee through sympathy for the children. Objection to such testimony was correctly sustained.

■ Appellants urge that the court erred in not allowing a witness to testify concerning a conversation with appellee's superintendent about the nature of the soil in the area of the accident. No avowal or offer of proof was made as to what the witness would testify. In such absence, the ruling is not reviewable. East Kentucky Rural Electric Coop. Corp. v. Smith, Ky., 310 S.W.2d 535. See CR 43.10 and Comments, Clay, CR 43.10.

■ The court refused to admit into evidence two photographs taken by a newspaper photographer. Appellee's objection to admission was that there had been a substantial change in condition before the pictures were taken and that they did not show the depth of the ditch prior to the cave-in. The photographs showed the head and upper part of Robbins, with the lower part still encased in dirt.

The photographer was permitted to testify to almost all of the conditions disclosed by the photographs. Under the circum-

stances admission would have served no useful purpose and would have only inflamed the jury. The court ruled correctly.

No merit is found in the contentions that the objections sustained to two questions asked by appellants were erroneous.

Judgment affirmed.