Frank E. HADDAD, Jr., Adm'r of the Estate of Edward J. Shaw, Jr., deceased and Edward J. Shaw, Sr., Appellants,

v.

Grace Lynn KURIGER, Infant by Nancy D. Kuriger, Mother, Appellee.

Court of Appeals of Kentucky.

Nov. 29, 1968.

As Modified on Denial of Rehearing
Feb. 28, 1969.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

Clyde L. Breland, Jr., Louisville, for appellee.

GEORGE O. BERTRAM, Special Commissioner.

This litigation was instituted by the appellee and grew out of an accident that occurred on the Watterson Expressway on April 30, 1964, in Jefferson County, Kentucky. Edward J. Shaw, Jr., was driving his father's automobile east and Grace Lynn Kuriger, age six, was a passenger in an automobile driven by her grandmother going west. Edward lost control, crossed the median and collided with the automobile in which Grace was riding. Edward was killed and Grace received multiple injuries.

After the selection of the jury and before any evidence was heard on the day of the trial, February 1, 1967, appellants moved the trial court for an order excluding a photograph of Grace taken at General Hospital two or three days after she had been admitted there on the day of the accident. Appellants renewed this motion at all proper times during the course of the trial. It was argued by appellants: that there was such a contrast in the appearance of Grace at the time the picture was taken and her appearance on the day of the trial it could serve no useful purpose; that it actually did not depict her condition on the date of taking; and that it would do nothing but inflame the jury. In support of this motion appellants cited Freeman v. Oliver M. Elam, Jr. Company, Ky., 372 S.W.2d 796. The trial judge expressed considerable doubt about admitting the photograph but overruled appellants' mo-

tion and later during the trial allowed it to be introduced and viewed by the jury, over appellants' objection.

This appeal is by the administrator of the estate of Edward and his father from the judgment of the trial court entered in favor of Grace after a jury verdict. No complaint is made of the trial court's ruling directing a verdict in favor of Grace on the question of liability. However, appellants contend the trial court committed three errors: (1) Admitting the photograph of Grace. (2) Grace's counsel was guilty of such misconduct in his final argument as to constitute prejudicial error. (3) The damages awarded were excessive.

At the trial the injuries Grace received were described to the jury by Dr. Arthur M. Mikler, a pedodontist; her mother, Nancy Kuriger; Dr. James A. Marshall, M.D.; and by a written report of Dr. John C. Weeter, M.D., who did plastic surgery on Grace. They described her injuries as chipped teeth, two baby front teeth lost, two baby teeth loose, distinct chance that two upper front teeth may have to be removed, left leg cut in four places, lacerated tongue and lip, and tracheotomy necessary. Grace was in the recovery room at General Hospital for five days. Her specials expended were $1,132.29 and to be expended in the future were $2,250 for sanding and dental work. Appellants did not put on any proof, and after a directed verdict for Grace the jury assessed damages at $23,382.29.

The photograph in question is approximately eleven inches by fourteen inches. It extends from the top of the head downward to a point below the chin sufficient to display the tracheotomy incision. The mother of Grace testified the photograph was a fair and reasonable representation of Grace on May 2, 1964 (the apparent date of taking). She also testified that she saw Grace late the afternoon of the accident. She was questioned by counsel for Grace at the trial and testified as follows:

Q– "And will you describe to the jury how she looked at that particular time?"

A– "She was in the recovery room. She was laying down. Her face was about, my size or a little bigger. She was very swollen. She had already begun to turn black and blue. Her eyes were closed. She was out. Her mouth was wide open. She had stitches in two places on her mouth. I could tell that her tongue was stitched because I could see it, and she had a metal thing right here in her throat."

Q– "Do you know what it was?"

A– "It was the result of the tracheotomy."

Q– "All right. Go ahead. Anything else?"

A– "Well, they had blood going in one arm and the way I remember it, glucose in the other."

The photograph is an extreme close-up, so much so as to present a distorted perspective. It appears to have been designed purposely to depict the child's injuries in the worst possible light; to emphasize them by presenting a view such as would be had only by a person putting his face within a few inches of the child's. Thus the gruesome appearance is enhanced. The lighting and coloring do not appear normal. After examining and re-examining, considering and reconsidering this photograph, we are constrained to conclude that it has such a gruesome appearance that its inflammatory and prejudicial effect on the jury would far outweigh its evidentiary or probative value and therefore the trial court should have excluded it.

In our opinion this photograph falls within the rule announced in Freeman v. Oliver M. Elam, Jr. Company, supra, in which this court said: "The photographer was permitted to testify to almost all of

the conditions disclosed by the photographs. Under the circumstances admission would have served no useful purpose and would have only inflamed the jury."

The witnesses at the trial were permitted to testify to the conditions disclosed by the photograph as well as things not disclosed by it and we are unable to see any useful purpose of it other than cumulative evidence to inflame the jury to such an extent it served only to arouse the human feelings of the jury without aiding them in arriving at an unbiased verdict.

Appellee relies heavily on Com., Dept. of Highways v. Arnett, Ky., 390 S.W.2d 187 in which this court held: "The admission of photographs in evidence, so long as they may be said to fairly depict the matter sought to be portrayed, is too well established to admit of debate now." We still hold this. However, this rule must be viewed in light of Freeman v. Oliver M. Elam, Jr. Company, supra.

We think the trial court should have sustained appellants' motion to exclude the photograph, which renders the other two questions moot. We assume any error committed by appellee's counsel in his final argument will not occur on retrial.

The judgment is reversed with directions for a new trial.

All concur.