Douglas Ray LEE *v*. STATE of Arkansas

CA CR 79-41                                    587 S.W. 2d 78

Opinion delivered September 5, 1979
and released for publication September 26, 1979

*Gallman & Wiley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Neal Kirkpatrick,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was convicted by a jury of three counts of manslaughter, resulting in a sentence to the Department of Correction for five years and a $500.00 fine on each count, and driving on a suspended

driver's license, resulting in a $100.00 fine. The trial court suspended the fines imposed and ordered the sentences to the Department of Correction to run consecutively.

For reversal of his conviction, appellant has asserted the following points:

1. The trial court erred in admitting into evidence State's exhibits 4, 5, 6 — color photographs showing the location of the decedents' bodies at the scene of the one-car accident and the condition of the vehicle driven by appellant — which served little probative value and were highly prejudicial.

2. The court erred in permitting Keith Ferguson — a State Trooper who estimated the speed of appellant's vehicle at the time of the accident between 80 and 90 miles per hour which estimate was based in part on the speed the trooper could "take the curve" and stay on his side of the road — to give his opinion about the speed appellant's vehicle was traveling at the time of the accident.

3. The trial court erred in refusing to grant appellant's motion for a continuance to allow him to secure a vital medical witness — who was subpoenaed the morning of the trial and who resided in a city other than where the trial was being held.

4. The trial court erred in not allowing into evidence the medical records which were compiled by the appellant's physician and of vital importance to the appellant's defense.

5. The trial court erred in admitting into evidence Dr. Jorge Johnson's testimony concerning Tina Randolph's cause of death after it was conceded by the appellant that the accident was that cause.

We are persuaded that appellant's points four and five have merit and we reverse and remand to the trial court.

Appellant offered to be introduced into evidence certain medical records compiled by appellant's attending physician. The records consisted, according to appellant's counsel, of the admission sheet at the Washington General Hospital, the discharge summary by Dr. McNair and Dr. Harris, the admission by Dr. McNair, the operative report for an operation on October 26, 1978, and the operative record for November 7, 1978.

The following exchange took place after counsel for appellant offered the records:

THE COURT: Any objection, Mr. Clinger?

MR. CLINGER: Your Honor, we object to it, the admission of those documents on the following basis: We all concede those documents would be admissible to be referred to by expert testimony, the medical testimony, but other than that, they do not stand alone and if they're admitted they don't give me an opportunity to cross examine the doctors who made those remarks, so there's no basis for those being admitted.

THE COURT: Alright. The offered exhibit will be excluded and your objection noted.

Rule 803 of the Uniform Rules of Evidence provides, in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of informa-

tion or the method or circumstances of preparation indicates lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

As asserted by appellant, the State did not challenge the admissibility of the medical records on the grounds of the lack of trustworthiness or authenticity, but essentially that the State would not be afforded the opportunity to cross examine the doctors who made the records.

The State argues for the first time that the records in any event are irrelevant and if the trial court was incorrect in not admitting the records on the grounds asserted by the State, the trial court should be sustained anyway. The State cites *Nelson* v. *State,* 257 Ark. 1, 513 S.W. 2d 496 in support of its position.

First, we perceive that *Nelson* is to be distinguished from the instant case. The medical records were admitted into evidence in *Nelson,* but the trial court refused to permit the medical record librarian to read from the records regarding the dates of several brain concussions suffered by appellant, medication prescribed, final diagnoses and summary of the hospitalizations. The Supreme Court of Arkansas, in sustaining the trial court's action said:

> Finally, it is asserted that the court erred in refusing to permit medical librarians to read from medical records which had been offered into evidence by appellant. These records were offered as a matter of furthering the defense of insanity and appellant desired that the hospital employees read inter alia the dates of several brain concussions suffered by appellant, medication prescribed, final diagnoses, and summary of the hospitalizations. The records were properly offered . . ., but this fact in itself does not necessarily mean that all the contents of such records were relevant or competent. . . . Appellant achieved his purpose in offering these records, for the matters heretofore mentioned, with the permission of the court, were not only fully discussed by

Mr. and Mrs. Nelson, parents of appellant, but by both the psychiatrist who testified for the defense, and the psychiatrist who testified for the State. The several concussions and circumstances surrounding were related to the jury in detail, and we cannot say that the mere reading of such records by non-experts would have added anything of value to the evidence. . . .

While Dr. Robert Holder testified, in the instant case, that he treated appellant immediately after the accident and observed that appellant was in shock, smelled of alcohol, was uncooperative, combative, resisted treatment and that appellant said he did not know what had happened, Dr. Holder did not comment on appellant's claim of amnesia regarding events prior to and during the accident, which, appellant contends, may account for his irrational behavior and not as a result of the consumption of alcohol. Dr. Holder also testified that he had not seen appellant's medical report regarding his injuries and the treatment afforded.

Dr. Jorge Johnson testified that he could not say for certain that appellant had sustained amnesia, but it was possible. Moreover, Dr. Johnson stated that he had not examined appellant.

Inasmuch as the State introduced evidence indicating that appellant was intoxicated at the time of the one-car accident, and appellant persisted in attributing his irrational behavior to amnesia, we are unable to state that the medical records offered by appellant were irrelevant. We believe that *Nelson* is not controlling.

The State called Dr. Jorge Johnson as a witness who testified that he had treated Tina Randolph, a victim in the accident, and began relating in detail Tina's dreadful condition and the treatment administered during the four days that she lived after being admitted to the hospital. Appellant's counsel advised the court that if Dr. Johnson had been called to prove the death of Tina, appellant would concede that her death was caused from the injuries sustained in the accident. The State replied that it was going to prove that Tina "suffered damage that eventually led to her death as a

result of the automobile accident." Counsel for appellant responded, "consider it conceded." The State continued tp question Dr. Johnson about Tina's condition and the following exchange took place:

> MR. GALLMAN: Excuse me, Doctor. Your Honor, again I thought I had conceded this, what was trying to be proved by this witness.

> THE COURT: Well, you can't control his production of testimony.

> MR. GALLMAN: I understand that.

> THE COURT: But whether you conceded or not, that's fine, but he is entitled. It is relevant testimony to the charge here, so he is entitled to put it on if he wants to.

> MR. GALLMAN: It seems useless to me.

> MR. CLINGER: Thank you, Your Honor.

Appellant argues that after appellant had admitted, in open court, that Tina's death resulted from the injuries sustained in the accident, appellant was prejudiced by the State in narrating the horrid condition of Tina. While the evidence may have been relevant, argues appellant, the court should have excluded this testimony because the unfair prejudice outweighed any probative value contained in the testimony. *See:* Rule 403 of Arkansas Uniform Rules of Evidence.

We are persuaded that although the evidence sought from Dr. Johnson regarding the condition and treatment afforded Tina was relevant, it is plain that its probative value was substantially outweighed by the danger of unfair prejudice, possible confusion of the issues or misleading the jury to the detriment of appellant. While the decision to exclude such evidence is within the discretion of the trial court, we are unable to say that the action of the trial court was not an abuse of discretion. Moreover, it seems to be the universal rule that a defendant in a criminal case may waive his right to

confrontation, cross examination and a requirement or duty on the part of the State to prove an element of charge pending against him; and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy. *See: Diaz* v. *United States,* 223 U.S. 442, 32 S. Ct. 250; *United States* v. *Goldstein,* 532 F. 2d 1305.

It is clear that Rule 403 of the Uniform Rules of Evidence was not only designed to exclude relevant evidence on grounds of prejudice, but a trial court in the interest of the efficient administration of criminal justice may exclude evidence, although relevant, where there is a needless presentation of cumulative evidence, upon considerations of undue delays and waste of time.

In conclusion, we deem it sufficient to make the following observations with regard to appellant's first three points for reversal:

Relative to appellant's first contention, we are unable to say that the trial court abused its discretion in permitting the jury to review the photographs showing the location of the bodies of the decedents. It seems clear that the photographs were vital in establishing the necessary ingredients of the offenses lodged against appellant.

Regarding appellant's second contention, we are persuaded that it was harmless error to permit Trooper Ferguson to relate his opinion about the speed of appellant's vehicle inasmuch as there was other testimony regarding the speed of appellant's vehicle prior to the occurrence of the accident.

Regarding appellant's third claim, we are convinced that the trial court did not abuse its discretion in denying appellant's motion for continuance. It is clear that Dr. McNair was not served with a subpoena until the morning of the trial and appellant failed to inform Dr. McNair that the trial would be held in Bentonville and not in Fayetteville.

Reversed and remanded.

Wright, C.J., dissents.

Ernie E. Wright, Chief Judge, dissenting. I respectfully dissent. There was no showing that the hospital records offered in evidence by the appellant were relevant to the issues or that appellant was prejudiced by the action of the court in sustaining the objection to the offer of the records.

In my view the trial court acted within its discretion in admitting the testimony of Dr. Johnson. Dr. Johnson testified as to the injuries to Tina Randolph arising from the motor vehicle accident and that the injuries caused her death. The evidence was relevant, competent and a proper consideration for the jury. The testimony was not inflammatory, and no objection was made that the testimony was prejudicial.

I would affirm.