Jimmy Wayne PRUNTY *v.* STATE of Arkansas

CR 80-165                                    607 S.W. 2d 374
Supreme Court of Arkansas
Opinion delivered November 10, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Deborah Sallings*, Deputy Appellate Defender, and *Ray Hartenstein*, Chief Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of manslaughter, Ark. Stat. Ann. § 41-1504 (3) (Repl. 1977),

and fleeing from an attempted arrest in violation of Ark. Stat. Ann. §§ 41-2822 and 41-2823 (Repl. 1977). He was sentenced to ten years and five years, respectively, to be served consecutively. The only issue raised on appeal is the admissibility of two photographs of the deceased.

A police officer observed appellant, who was intoxicated, at night driving erratically — weaving, passing cars in no-passing zones, and running cars off the road. He attempted to stop appellant, but appellant fled. A chase ensued with speeds in excess of 100 m.p.h. As they approached a curved stretch of road, appellant, driving in the wrong lane, struck an oncoming car. At the time of impact, the officer estimated appellant's speed in excess of 120 m.p.h. Appellant's Oldsmobile traveled 189', hit a sign, became air borne, and stopped in a ditch approximately 244' from the point of impact. The other car, a Pinto, exploded upon impact, and the car was demolished. The driver received severe injuries, and his passenger, his wife, was killed instantly.

Without objection, the state introduced several photographs depicting the scene and the condition of the two cars. However, trial counsel objected to the admissibility of two photographs of the deceased before she was removed from the wreckage. The objection was that these photographs would add nothing other than have a highly prejudicial effect which would outweigh any probative value they might have and that other evidence would "probably be introduced" to the effect she died as a result of injuries received in the collision. The trial judge overruled the objection, stating they were not color photographs, they were the best evidence of a part of what happened at the scene, and they were of probative value on the issue of "speed, force of impact." Appellant argues here that the probative value is substantially outweighed by their prejudicial nature and, therefore, should be excluded, Ark. Stat. Ann. § 28-1001, Rule 403 (Repl. 1977); and, further, the photographs are inflammatory, cumulative and irrelevant to the element of recklessness which is essential to the crime of manslaughter.

We have held that even inflammatory photographs are admissible in the sound discretion of the trial judge "if they

tend to shed light on any issue or are useful to enable a witness to better describe the objects portrayed or the jury to better understand the testimony or to corroborate testimony." *Sumlin* v. *State*, 266 Ark. 709, 587 S.W. 2d 571 (1979); see also *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979); *Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973); *Robinson* v. *State*, 269 Ark. 90, 598 S.W. 2d 421 (1980); and *Tanner* v. *State*, 259 Ark. 243, 532 S.W. 2d 168 (1976). Whether or not the court should admit a photograph depends upon whether the asserted inflammatory nature is outweighed by its probative value; and neither is it rendered inadmissible merely because it is cumulative or unnecessary due to admitted or other facts proved. *Campbell* v. *State, supra.* Here, the photographs, which were in black and white, were close-up views of the deceased, showing only the head injuries, and not the full extent of the injuries sustained to the other parts of her body. In our view they corroborated testimony as to the head injuries, which caused death, the reckless and excessive speed and the force of impact. Further, they were relevant to the state's burden of proving the essential element of the crime of manslaughter; namely, recklessly causing the death of another person due to a conscious disregard of the risks involved in one's conduct.

We hold the trial court did not abuse its discretion in weighing the probative value of the photographs against the danger of any unfair prejudice.

Affirmed.

Purtle and Mays, JJ., dissent.

John I. Purtle, Justice, dissenting. I dissent because I believe the majority has approved the admission into evidence of any photograph, however gruesome and inflammatory, if any witness testifies about matters which are shown in the photographs. The majority opinion in effect will serve to allow inflammatory and prejudicial photographs to be used in any case even though they shed absolutely no light on any essential element of the charge or on any issue in dispute.

80

In my opinion, these two photographs did not shed any light on any essential element of the charge. Neither did they shed any light on any relevant issue. Had appellant been charged with a crime for which any essential element or issue involved the extent or nature of the injury sustained by the decedent I would agree with the majority opinion. In the present case there was no need to show motive or intent to cause the death of the victim in order to prove manslaughter. The essential elements in proof in manslaughter are that the accused caused the death by his recklessness and conscious disregard of the risk involved in his conduct.

In reviewing our prior decisions such as *Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973), we have held photographs to be admissible for almost any reason at all. In *Perry* we held the photographs in question were properly admitted at the discretion of the trial court because they tended to shed light on the issues and tended to corroborate testimony and were probably useful in helping the jury understand the testimony. We did point out that the trial court properly excluded several photographs if their sole purpose was to inflame the passions of the jurors. *Perry* involved the death of a person by means of knife wounds inflicted by the accused. It was necessary to prove that the victim died as a result of the knife wounds. Therefore, I agree the photographs were relevant and their probative value outweighed the possible prejudice to the accused. Also, *Lillard* v. *State*, 236 Ark. 74, 365 S.W. 2d 144 (1963); *Oliver* v. *State*, 225 Ark. 809, 286 S.W. 2d 17 (1956); and *Perkins* v. *State*, 217 Ark. 252, 230 S.W. 2d 1 (1950).

In the present case there was no dispute as to the nature, extent or location of the wounds on the victim. There was nothing to prove by the introduction of the photographs. There was no dispute in the testimony nor was it difficult to understand. The only purpose to be served by these two photographs was to inflame the passions of the jurors as can be seen by the fact that the appellant received the maximum sentences allowable under the law.

Even if it could be said that the photographs were relevant, it is obvious the probative value of the photographs was

outweighed by the danger of unfair prejudice. Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rule 403, was adopted for such purposes as are here present. The rule may as well not exist as it relates to photographs if we are going to allow the introduction of photographs under any and all circumstances. The extent and nature of the victim's injuries had no relevancy to the issue before the court and jury. Her death in the accident caused by the appellant, while being chased by an officer at a speed in excess of 100 m.p.h., had not been disputed. The cause of death was clearly demonstrated by other relevant evidence.

The Arkansas Court of Appeals considered Rule 403 in a case involving manslaughter. *Lee* v. *State*, 266 Ark. 870, 587 S.W. 2d 78 (1979). There the Court of Appeals reversed the conviction because a physician was allowed to give the details of the injuries and suffering of one of the victims even though the accused had admitted the death resulted from his careless conduct. The Court of Appeals held the testimony of the doctor was relevant but the trial court abused its discretion in allowing the testimony because its probative value was substantially outweighed by the danger of unfair prejudice. I submit that the Court of Appeals was correct; and, further, that the photographs in the present case were a greater danger to unfair prejudice than was the testimony of the doctor in *Lee*, supra, wherein the Court stated:

> It is clear that Rule 403 of the Uniform Rules of Evidence was not only designed to exclude relevant evidence on the grounds of prejudice, but a trial court in the interest in the efficient administration of criminal justice may exclude evidence, although relevant, where there is a needless presentation of cumulative evidence, upon considerations of undue delays and waste of time.

While discussing the admissibility of photographs in the case of *Robinson* v. *State*, 269 Ark. 90, 598 S.W. 2d 421 (1980), we stated:

> . . . A trial court is not obliged to exclude such evidence unless its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. . . .

In summation of our prior decisions I believe it is fair to say, as the majority has stated, that even inflammatory pictures may be admitted "if they tend to shed light on any issue or are useful to enable a witness to better describe the objects portrayed or the jury to better understand the testimony or to corroborate testimony." However, I submit that these two photographs did not fit the rule. They shed no light on the issues, did not enable any witness to better describe the objects portrayed, the jury to better understand the testimony, nor did they corroborate any relevant testimony. These photographs should have been excluded even under our most liberal rule of admissibility of photographs.

Other jurisdictions have considered the admissibility of photographs in the manner in which I believe to be more sound than that previously utilized by this court. In the case of *Jordan* v. *Commonwealth,* Ky., 371 S.W. 2d 632 (1963), the Kentucky court dealt with a case involving manslaughter and the introduction of photographs. The trial court had admitted certain photographs into evidence at the trial of the accused on a manslaughter charge. The Court stated:

> . . . photographs showing the mangled body of one of the victims as it lay on the highway was a serious and prejudicial error. It was also entirely unnecessary and improper to permit testimony showing the extent of the injuries . . . There really was no question as to the force of the collisions, which had been amply and conclusively demonstrated by the other exhibits and testimony. . . .

The *Jordan* case was affirmed on other grounds.

The Arizona Supreme Court has also considered such matters in the case of *State* v. *Powers,* Ariz., 571 P. 2d 1016 (1977). This also was a case of manslaughter. The trial court had allowed introduction of pictures, taken several days after the accident, which revealed the victim's condition at the time of death. The undisputed cause of death in the *Powers* case was injuries to the head. The Arizona court stated:

> . . . Nor do we find pictures probative of any other issue.

This was not a case where malice aforethought was in issue. . . .

The Court went on to hold that the pictures were prejudicial and it was a reasonable possibility that the verdict might have been different had the error not been committed.

Another Kentucky case which involved introduction of photographs in *Haddad* v. *Kuriger*, Ky., 437 S.W. 2d 524 (1969). In *Haddad* the trial court allowed the introduction of close-up pictures of head injuries of a six year old victim of a traffic accident. The Kentucky court was unable to see any useful purpose of allowing the photographs other than it being cumulative evidence. They held the real purpose was to inflame the jury.

In my opinion, if photographs are ever going to be disallowed in a criminal prosecution on the grounds that they are not relevant or that their probative value is outweighed by the probability of prejudicial error, this is the case. There is no valid logical reason to allow these photographs because everything they were alleged to depict was adequately proven by other competent evidence. I would declare prejudicial error and reverse and remand the case.

I am authorized to state that MAYS, J., joins me in this dissent.