Omar ALMOBARAK *v.* STATE of Arkansas

CA CR 87-29                                    733 S.W.2d 422

Court of Appeals of Arkansas
Division I
Opinion delivered July 22, 1987

70

*Hickam, Roberts, Williams & Williams, P.A.*, by: *D. Scott Hickam*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Omar Almobarak, was convicted of DWI, first offense, fined $450.00 plus court costs of $300.05, his driver's license was suspended for 90 days, and he was ordered to attend and complete a ten-hour alcohol safety program.

Appellant was stopped in Hot Springs at approximately 4:30 a.m. on August 29, 1984, when Officer Mike McKinney observed his vehicle weaving across the center line. Although appellant's speech was clear, McKinney detected an odor of alcohol about appellant and arrested him for driving while intoxicated. Appellant was taken to the police station where a breathalyzer test was performed after he was given his *Miranda* rights. The breathalyzer test showed appellant had 0.17% alcohol in his blood.

The machine used to perform the breath test had been certified by the Arkansas Department of Health on July 17, 1984. On October 15, 1984, when the health department next checked the machine for certification, it was discovered that the machine was not properly responding to acetone and use of the machine was suspended until it was readjusted.

Appellant made a motion to suppress the result of the breath test on the basis that the machine was not in proper working order at the time his test was administered and that law enforcement personnel who administered the test had not complied with the procedures promulgated by the Arkansas Department of Health for assuring the quality and accuracy of the test. Both motions were denied by the trial court and the test result was admitted into evidence.

The portion of the motion pertaining to the failure of law enforcement personnel to comply with health department proce-

dures was based on the contension that the Hot Springs officers failed to observe appellant for a twenty-minute period preceding the administration of the test as required by health department regulations. Appellant points out that he was arrested at 4:38 a.m. and the test was performed at 5:01 or 5:02 a.m., an elapsed time of only 23 or 24 minutes. He then argues that, since Officer McKinney testified that he did not keep his eye on him the entire time appellant was in the back seat of the police car in transport to the station, McKinney did not observe him for the full, uninterrupted period of time required. Also, because the officer testified he could not recall whether appellant belched or ingested any fluid or food during that time, appellant contends that the test result should not have been admitted into evidence.

The law in this regard was recently discussed in *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985), where the court said the health department regulations did not require that the police officer stare fixedly at the arrested person for 20 minutes. The court also said the arresting officer's testimony that he had observed Williford for a period of 26 minutes beginning at the scene of the arrest, continuing in the patrol car's rear view mirror, and concluding at the police station and he would have been aware if Williford put anything in his mouth, presented a prima facie showing of compliance with the regulation. *See also, Girdner* v. *State,* 285 Ark. 70, 684 S.W.2d 808 (1985).

In the instant case, Officer McKinney testified that he had stopped appellant prior to the 4:38 a.m. time period listed on the arrest report; he said that was the time he placed appellant in the patrol car for the trip to the police station. McKinney also testified that he had appellant in his custody from then until the breath test was administered and observed him for at least 20 minutes prior to the giving of the test. Furthermore, Officer Gary Miller, who administered the breath test to appellant, testified that he had observed appellant for a period of 20 minutes and was sure appellant had taken nothing orally. We think appellant's argument goes to the weight to be given the evidence, not to its admissibility. A.R.E. Rule 104 provides that preliminary questions concerning the admissibility of evidence are decided by the trial court; our responsibility on review is to determine if there has been an abuse of discretion by that court. *Derring* v. *State,* 273 Ark. 347, 619 S.W.2d 644 (1981); *Wilson* v. *City of Pine Bluff,* 6

Ark. App. 286, 641 S.W.2d 33 (1982). We cannot say the trial court abused its discretion in allowing the result of the breath test to be introduced into evidence in this case.

Appellant also argues that the result of the breathalyzer test should have been suppressed as a matter of law because the machine was shown not to have been functioning properly on October 15, 1984. He argues that it is impossible to know exactly when the machine malfunctioned and, therefore, all tests performed between the July 17 certification and October 15 decertification by the health department should be invalidated. At oral argument, counsel for appellant admits he has no precedent for this argument but insists that "in all fairness" this should be our holding. We cannot agree.

■ There was evidence that the machine had registered properly, when a known solution of alcohol was run through the machine for calibration purposes, a few hours before and a few hours after appellant was tested. This is some evidence that the machine was operating properly at those times. Appellant contends, however, that the calibration did not check the machine for sensitivity to acetone and, in fact, there was no way for the operator to know whether the machine was acetone sensitive or not at the time appellant was tested. However, Officer Miller testified that, if the acetone interference light on the machine comes on, the test must be stopped, but that the light did not come on during the administration of appellant's test. The machine had been certified by the health department within the time period called for in the regulations and the operator testified he had no difficulty with the machine. Again, we think appellant's argument goes to the weight of the evidence, not to its admissibility. We are asked to hold that the trial court erred in not suppressing the test result of the machine. We cannot say that the court abused its discretion in allowing the test result into evidence. *Derring* v. *State, supra; Wilson* v. *City of Pine Bluff, supra*; A.R.E. Rule 104.

■■ On appeal, we must review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the trial court's judgment. *Harris* v. *State*, 262 Ark. 680, 561 S.W.2d 69 (1978); *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). When considered in

that light, we think there is substantial evidence to support the appellant's conviction.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.