Raenita McKIM *v.* STATE of Arkansas

CA CR 88-7                                        753 S.W.2d 295

Court of Appeals of Arkansas
Division I
Opinion delivered July 13, 1988

*Hickam & Williams, P.A.,* by: *D. Scott Hickam,* for appellant.

*Steve Clark,* Att'y Gen., by: *Olan W. Reeves,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with DWI, first offense, after registering .11 on a breath analysis administered following a one-vehicle accident. After a jury trial, she was convicted of that offense, sentenced to forty-eight hours in jail, and fined $750.00. From that conviction, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying her motion to suppress the results of the breathalyzer test, and in ruling that evidence concerning the results of the breathalyzer test given another arrestee, and records and testimony from the Department of Health concerning the certification of the breathalyzer, were not relevant. We reverse on her second point.

The record shows that, on the evening of March 10, 1986, the appellant's vehicle overturned on a highway curve as she was returning from the horse races at Hot Springs. She admitted to a police officer at the accident scene that she had drunk two glasses of beer several hours beforehand. The appellant was arrested on suspicion of DWI and taken to the Montgomery County Sheriff's

Office, where she registered .11 on a breathalyzer test.

On November 17, 1986, the appellant filed a motion to suppress the results of the breathalyzer test. At a hearing on the motion conducted on November 28, 1986, the appellant proffered evidence to show that the breathalyzer was not functioning properly at the time of her arrest, including evidence that the machine had twice been decertified in the three months prior to the appellant's arrest, and that it had been repaired at least once during that time. In addition, the appellant proffered the testimony of two witnesses, Tim Chambers and Phillip Chambers. According to the proffer Tim Chambers would have testified that, on the day before the appellant's arrest, he took two breathalyzer tests on the machine used for the appellant's test, and that the results of his tests, administered within five minutes of one another, were inconsistent. Phillip Chambers, Tim's father, would have testified that he appeared at the police station when his son was arrested and offered to take a breathalyzer test himself, and, although he had not been drinking, registered .07 on the machine. The appellant proffered further evidence to show that certain procedures involving the administration of the test and the use of the machine were not in accordance with Department of Health regulations. The trial court ruled that the issues raised by the appellant's proffered evidence went to the weight of the breathalyzer results, and denied the motion to suppress.

The appellant first contends that the trial court erred in denying her motion to suppress, and asks this Court to reconsider and reverse *Almobarak* v. *State*, 22 Ark. App. 69, 733 S.W.2d 422 (1987). In *Almobarak* we held that evidence that the breathalyzer was not in proper working order and that the machine operator had not strictly complied with Department of Health procedures for insuring accuracy did not require suppression of the test results, but instead went to the weight to be given the evidence. We decline to overrule *Almobarak*, and find it applicable to the circumstances of this case. Preliminary matters concerning the admissibility of evidence are for the trial court to decide, and we will not reverse the trial court's ruling in the absence of an abuse of discretion. *Id.*; A.R.E. Rule 104. We hold that the trial court did not abuse its discretion in denying the appellant's motion to suppress the breathalyzer results.

Next, the appellant contends that the trial court erred in ruling that certain evidence concerning the certification of the breathalyzer and its proper functioning at the time that her test was administered was inadmissible for lack of relevance. On cross-examination of the breathalyzer operator, the appellant elicited testimony that the device was obtained by the Montgomery County Sheriff's Office three years prior to trial, and was acquired as a used machine; that, although Department of Health regulations require an instruction manual to be kept with every certified machine, the instruction manual kept with the machine in question was for a different model breathalyzer; that the breathalyzer ampules used by the Sheriff's Office were not produced by the machine's manufacturer, although the manufacturer, in the operation manual, disclaimed responsibility for the precision and accuracy of the device when ampules other than those produced by the manufacturer were used; and that not every breathalyzer test administered on the machine was recorded in the logbook. The appellant then attempted to elicit testimony concerning the tests given to Tim and Phillip Chambers, fifteen hours before the appellant's test was administered. The State objected to this testimony on the ground of lack of relevancy, and the objection was sustained by the trial court. The appellant proffered that Tim Chambers would testify that he registered .10 on his first test, and .08 on another test given five minutes later. Phillip Chambers would testify that he tested .07 although he had not consumed any alcoholic beverages.

Continuing the cross-examination of the machine operator, the appellant elicited testimony concerning the records which Department of Health regulations require to be kept by a certified installation. The trial court again sustained a relevancy objection by the State, and the appellant proffered that the examination of the witness, if permitted, would show that the machine was inoperable for three months in 1985, and had been working improperly on several occasions during the previous two years, including two instances of decertification before the appellant's test and one decertification afterward. In her case-in-chief, the appellant proffered the testimony of Ms. Gay Horn, director of the State Department of Health division in charge of certifying breathalyzers, concerning the machine's repair record, including testimony that the machine's certification had been suspended

three times; that every test given must be logged in order to accurately certify the machine; that certification is based on the accuracy and complete disclosure of the log records; and that the Montgomery County Sheriff's Office had been admonished on two prior occasions for not sending in the log records as required.

We initially note that all of the proffered evidence is, to some extent, relevant to the issues of whether the machine was properly certified and whether it was functioning properly at the time the appellant's test was administered. Nevertheless, the trial judge's statement when sustaining the State's relevancy objection shows that the ruling in question was not based solely on relevancy:

> We are not going to go through all of this. If we open the door to this, every DWI case in the State would take three days. The machine is certified and its operator is certified. That is as far as you may go. . . .

We think that this statement makes it clear that the trial judge did not base his ruling on the ground of relevancy *per se*, but instead refused to admit the proffered evidence on the basis that it would be too time-consuming to do so.

Rule 403 of the Arkansas Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The question before us with respect to this issue is whether the trial judge abused his discretion in ruling that the probative value of the proffered testimony was substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Lee* v. *State*, 266 Ark. 870, 587 S.W.2d 78 (Ark. App. 1979). We note that the appellant was pursuing two interconnected, yet distinct, theories with respect to the proffered evidence: first, that deviations from Department of Health regulations by the Montgomery County Sheriff's Office detracted from the reliability of the certification process. Under this theory, the appellant attempted to show that the device could have been functioning improperly at the time of the last certifica-

tion. Second, through the proffered testimony of Tim and Phillip Chambers, the appellant sought to show that, even had certification been accurately determined and properly issued, the machine was nevertheless unreliable by the time the appellant's test was administered. Although the appellant was permitted to elicit testimony supporting her first theory from the machine operator, the trial court's ruling barring testimony concerning the tests given to Tim and Phillip Chambers effectively foreclosed development of the second theory. We hold that the trial court abused its discretion in excluding the evidence, and we reverse. In so holding, we do not mean to imply that, on retrial, any and all evidence concerning the history of the breathalyzer and its certification must be accepted as relevant to its proper functioning and certification. At some point, such evidence will be properly excludable on the grounds of needless delay, waste of time, and its cumulative effect. We only hold that, when the trial judge excluded the evidence in the case at bar, that point had not yet been reached.

Reversed and remanded.

CORBIN, C.J., and CRACRAFT, J., agree.