Larry GOLSTON *v.* STATE of Arkansas

CA CR 88-62 762 S.W.2d 398

Court of Appeals of Arkansas
Division II
Opinion delivered December 21, 1988

178

*Porter & King*, by: *Durwood W. King*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with rape. After a jury trial, he was convicted of that offense and sentenced to thirty years in the Arkansas Department of Correction. From that conviction, comes this appeal.

For reversal, the appellant contends that the trial court erred in failing to dismiss the charge on the basis that there was no probable cause to support his arrest; in denying his motion in limine; in denying his motion to quash statements relating to a polygraph examination; in permitting the prosecutrix to remain in the courtroom after she testified on behalf of the State; and in refusing to give a jury instruction proffered by the appellant concerning a stipulation that evidence of a polygraph examination would be admissible at trial. In addition, the appellant contends that there was insufficient evidence to support his conviction. We affirm.

Pursuant to *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we first address the appellant's contention that there was insufficient evidence to support his conviction. Under Ark. Code Ann. § 5-14-103(a)(1) (1987), a person commits rape if, by forcible compulsion, he engages in sexual intercourse with another person. In determining the sufficiency of the evidence to support a conviction, we review the evidence in the light most favorable to the appellee and affirm if the verdict is supported by substantial evidence. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must induce the mind to go beyond mere suspicion or conjecture. *Harris, supra; Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984). In rape cases, it has been consistently held that the victim's testimony is sufficient to satisfy the requirement of substantial evidence. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

Viewed in the light most favorable to the appellee, the evidence shows that, on January 21, 1986, the victim was

awakened in her home by a man wearing a ski mask. The man threatened to kill her if she did not give him money. After she gave him five dollars, the man demanded food stamps, which she also gave him. He then inquired about the whereabouts of her husband, and ordered her to go into the back bedroom and remove her clothes. The victim testified that, although she told him she just had a baby and was still bleeding, the man cursed her and required her to insert his penis into herself. After he ejaculated, he told her to "wash that stuff out" of her. When she went to the bathroom to do so, she was allowed to turn on the light, and saw that her attacker was wearing white tennis shoes and a black glove with gray stripes across the knuckles. Before leaving, the man told her that he "had done that to teach [her] husband a lesson to stay home," and because her husband "had been messing around with his old lady."

The victim testified that the appellant was an acquaintance of her husband, that the appellant had previously come to their home to visit her husband, and that she knew the appellant's voice quite well. She stated that she recognized the rapist's voice as that of the appellant, and positively identified the appellant as the man who raped her.

■■ The appellant asserts that the victim's testimony was insufficient to support his conviction. He argues that she was upset and nervous when she reported the rape; that the examining physician reported that she said that the rapist's voice was "somewhat familiar," and that this statement is inconsistent with her later positive identification of the appellant to the police and at trial; and that her identification should be discounted because her testimony that she did not like her husband to associate with the appellant shows that she has a propensity for misstatement about the appellant. We find no merit in these contentions. Any inconsistencies which may have been present in the testimony were for the jury to resolve. *Cope* v. *State*, 293 Ark. 524, 739 S.W.2d 533 (1987). No corroboration of a rape victim's testimony is required, *id.*, and we hold that the testimony of the victim in this case is substantial evidence to sustain the appellant's conviction. *See Lewis* v. *State, supra.* Moreover, additional evidence was presented by the State: the physician testified that he examined the victim on the morning of January 21, 1986, and found sperm in her vagina. A ski mask was found in the

Woodworth residence, where the appellant had stayed at the time the rape was committed, as well as a glove, identified by the victim as identical to the glove worn by the rapist. Bill Woodworth testified that he saw a book of food stamps in the appellant's pocket on the morning of January 21, 1986. Bradford Woodworth also testified that he saw the appellant with food stamps on that day, and that the appellant told him that he "had been with a woman the night before, and it was bloody, but he got it anyway." Cecil Woodworth testified that at 7:00 or 8:00 on the morning of January 21, 1986, he accompanied his father, his uncle, and the appellant to Anthony Murray's house. Upon arriving, he saw that Deputy Fielder was there. Without explaining why, the appellant told them to keep on going. They did not stop at Murray's house at that time, but returned there at the appellant's instance after the deputy had left. The appellant entered the Murray residence wearing white tennis shoes; while inside, he changed shoes and returned wearing boots. They then set out for Marvell, but before arriving there they stopped by the side of the road, where the appellant changed clothes. They continued to Marvell, where the appellant got out and went into the police station. Finally there was evidence that the appellant submitted to a polygraph test administered by John Howell. Mr. Howell stated his opinion that the test results showed that the appellant lied when he said that he did not know how much money was taken from the victim, and when he said that he did not force her to have sex. Thus, although no corroboration of the victim's testimony is required, it was, in fact, amply corroborated by other evidence that a rape occurred and that the appellant was the rapist.

■ We next address the appellant's contention that the trial court erred in denying his motion to dismiss on the ground that his arrest was illegal. The essence of the appellant's argument is that there was no reasonable cause to arrest him, that the arrest was therefore illegal, that an illegal arrest is grounds for dismissal, and that the trial court erred in denying his motion to dismiss based on the assertedly illegal arrest. We need not determine the legality of the arrest to address this contention, because it is well settled that an illegal arrest is no bar to prosecution:

> The appellant cannot challenge his own presence at trial or claim immunity to prosecution simply because his appear-

ance was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or a defense to a valid conviction.

*Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987), *citing United States* v. *Crews*, 445 U.S. 463 (1980). We hold that the trial court did not err in denying the appellant's motion to dismiss.

■■ Next, the appellant contends that the trial court erred in denying his motion in limine, by which he sought to exclude the introduction of any of his prior convictions. He argues that his November 3, 1975, convictions on two counts of burglary were erroneously admitted under Ark. R. Evid. 404 and 609. We disagree. Because evidence which might not be admissible under Rule 404(b) could be admissible under Rule 609 for the purpose of attacking the credibility of a witness, *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982), our analysis is based on Rule 609, which provides that:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness . . .

Ark. R. Evid. 609(a)(1). Rule 609(b) provides that evidence of a conviction is inadmissible if over ten years has elapsed between the date of the conviction or the release of the witness from confinement, whichever is later. The appellant was convicted of two counts of burglary on November 3, 1975; released from confinement by parole on October 13, 1977; and trial on the rape charge which is the subject of this appeal was held on September 22, 1987. Because the trial was held within ten years of the appellant's release from confinement resulting from the burglary convictions, evidence of those convictions was not barred under Rule 609(b). With respect to balancing of probative value and prejudicial effect under Rule 609(a)(1), the trial court should consider (1) the impeachment value of the prior crime; (2) the date of the prior conviction and the witness's subsequent history; (3) the similarity between the prior conviction and the crime

charged; (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. *Bell* v. *State*, 6 Ark. App. 388, 644 S.W.2d 601 (1982). As was the case in *Bell*, the testimony of the appellant in the case at bar would have been in direct conflict with that of the State's principal witness, the victim. Moreover, the prior conviction is similar to the crime charged in that both involve elements of unlawful entry. Finally, it is clear that the case turned on the credibility of the appellant and the victim. The appellant suggests in his brief that the victim's testimony that she did not like for her husband to associate with the appellant indicates that she was inclined to make misstatements concerning the appellant. Given the centrality of the credibility issue and the potential for the appellant to attack the victim's credibility on the basis of her emotional distress at the time she identified the appellant and her asserted dislike for the appellant, we find no unfair prejudice resulting from the denial of the motion in limine, and hold that the trial judge did not abuse his discretion in determining that the probative value of the prior conviction outweighed its prejudicial effect.

The appellant next contends that the trial court erred in denying his motion to quash statements pertaining to a polygraph examination. The record shows that the appellant executed a written stipulation that the results of a polygraph examination of the appellant would be admissible at trial, and that such an examination was performed on January 22, 1986. The examination was administered by John Howell, who testified that the polygraph results indicated the appellant lied when he stated he was not in the victim's house on the morning the rape occurred, and that he did not force the victim to have sex with him.

In his motion, the appellant asserted that his arrest was illegal and that his statements should be suppressed as the fruit of the assertedly illegal arrest. At the suppression hearing, the appellant argued that the polygraph examination was "suspect to scientific evaluation" and its results were "useless and worthless in any proceeding." On appeal, the appellant argues that the written stipulation was invalid because (1) it was not dated; (2) there was evidence that the polygraph examination was given prior to the written stipulation; and (3) he was not represented by counsel at the time the stipulation agreement was

executed. We do not reach these arguments because they were not raised in the trial court. An argument for reversal will not be considered in absence of a clear and timely objection, and the grounds for objection cannot be changed on appeal. *See Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987); *Halfacre* v. *State*, 290 Ark. 312, 718 S.W.2d 945 (1986); *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984); *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983). Neither do we reach the appellant's contention that polygraph examinations are unscientific and unworthy of consideration. No evidence was presented to attack the scientific basis for or accuracy and reliability of polygraph examinations, and the appellant's argument is advanced as a bare assertion without reference to supporting evidence or citation of authority. An assignment of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that it is well taken. *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985).

The appellant's next contention is that the trial court erred in allowing the victim to remain in the courtroom after testifying for the State. The record shows that Ark. R. Evid. 615, providing for exclusion of witnesses at the request of a party, was invoked by the appellant at trial, and that the victim was the third witness called by the State. Following her testimony, the State requested that the victim be allowed to remain in the courtroom for the remainder of the trial. Over the appellant's objection, the trial judge ruled that she was entitled to remain in the courtroom under Ark. R. Evid. 616. The State called five more witnesses and rested. The victim was later called by the appellant to testify as the eighth witness for the defense.

The appellant argues that the victim waived her right to be present in the courtroom by failing to invoke Rule 616, either at the suppression hearing or at trial, when Rule 615 was invoked by the appellant. We find no merit in this theory of waiver, which is advanced without citation to authority. Rule 615 provides that the court shall order witnesses excluded *at the request of a party*. If a party requests the rule, it must be granted: the trial judge has no discretion. *See Blaylock* v. *Strecker*, 291 Ark. 340, 724 S.W.2d 470 (1987). In contrast, Rule 616 requires no request, but provides that, notwithstanding any provision to the contrary, the victim of a crime has the right to be present at

any hearing, deposition, or trial of the offense. Rule 616 allows the victim to be present notwithstanding the witness-exclusion provisions of Rule 615, and Rule 616 purports to leave no discretion to the trial court. *Stephens* v. *State*, 290 Ark. 440, 720 S.W.2d 301 (1986). The plain language of Rule 615 requires that the Rule be invoked by a request to exclude the witnesses, and it is equally clear that Rule 616 requires no such request. Because no request to remain in the courtroom is required by Rule 616, we hold that the victim did not waive her right to be present at the proceeding by failing to make such a request.

 The appellant's final contention is that the trial court erred in refusing to give his proffered jury instruction concerning the admissibility of the polygraph examination. To briefly recount the facts pertinent to this assignment of error, the record shows that the stipulation agreement was undated, and that the testimony was in conflict as to whether the appellant signed the stipulation before or after the polygraph examination was administered. The appellant's proffered instruction required the jury to make a finding concerning the date on which the stipulation was signed, and instructed the jury to disregard exhibits and testimony relating to the results of the examination if the stipulation was found to have been signed after the polygraph was administered. The results of polygraph examinations are inadmissible in the absence of a stipulation as to their admissibility executed before the polygraph examination is administered. *State* v. *Bullock*, 262 Ark. 394, 557 S.W.2d 193 (1977). The issue of whether the stipulation agreement was entered into before or after the polygraph examination was administered was thus a preliminary question concerning admissibility; such questions are for the trial court to determine. *McKim* v. *State*, 25 Ark. App. 176, 753 S.W.2d 295 (1988). The appellant's proffered instruction, which would have effectively left the issue to the jury, was therefore incorrect, and we hold that the trial court did not err in refusing to give it.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.