Isaac Milton SHELTON *v.* STATE of Arkansas

CR 77-20                                              552 S.W. 2d 216

Opinion delivered June 13, 1977
(Division II)
|Rehearing denied July 18, 1977.|

*Christopher C. Mercer Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. On the afternoon of January the 17th, 1976, Clermon Eugene Acklin was drinking gin with some of his friends and betting on a pool game at the Pine Street Recreation Center in Little Rock. Acklin felt that some of the players had teamed up on him to cheat him. He had words with Isaac Milton Shelton and some of the other players and bettors. He left the pool hall, returned shortly thereafter and said something like, "Are you ready to use your forty-five? I am ready now". Apparently he said this to no particular individual. He left the pool hall again and went to his four-door Cadillac parked outside, got a rifle and started back in. One of his friends, Odell "Blackjack" Hatchett, talked him out of using the gun; Acklin put the gun back in the car and walked back in the pool room. Shelton killed him when he opened the door.

In the meantime, inside the pool room, after Acklin left to go to his car, somebody said, "Here he comes back in the door with a shotgun", or words to that effect. Shelton looked out a window, saw Acklin getting a gun out of his car, went to the counter of the pool hall where he had left his .22 pistol, and got it. As soon as Acklin opened the door, Shelton killed him with one shot. It is not disputed that Acklin did not have a gun as he entered the pool hall.

Shelton was charged with second degree murder, convicted of manslaughter and sentenced to five years in the penitentiary and a ten thousand dollar fine. On appeal from the Pulaski Circuit Court, he alleges two errors: the trial court refused to instruct the jury on the lesser included offenses; and the jury's verdict was contrary to the instruc-

tions of the court and should have been set aside.

We find that the evidence in this case did not warrant an instruction on negligent homicide or any lesser charge than what the court gave. The court gave an instruction to the jury that it could return a finding on manslaughter. Counsel for the appellant was apparently under the impression that all included offenses to second degree murder must be given by the court. Shelton's defense was self defense. He testified he knew that Acklin was upset, talking about guns, had been drinking, and heard that he was coming back in the pool room with a shot gun. He looked out the window, saw Acklin with a gun and immediately got his gun. Obviously he did not know that Acklin had put the gun up, and, apparently, he did not wait for anything before he shot his pistol. When the door opened, he fired. There was no testimony on which Shelton might have been found guilty of negligent homicide or a lesser charge than manslaughter. Therefore, the court did not improperly instruct the jury. See *Caton and Headley v. State,* 252 Ark. 420, 479 S.W. 2d 537 (1972).

Shelton's second argument has merit. The trial court did not instruct the jury that it could levy a fine against the appellant if he was found guilty of either second degree murder or manslaughter. The court only instructed the jury that a prison sentence could be imposed. However, a verdict form given to the jury had a blank space for a prison term followed by the phrase " . . . and/or a fine of _____ dollars". At the side of the form, in print running vertical to the jury findings, were references to a prison sentence and/or a fine. For example, if a finding were returned on manslaughter, the vertical language read:

(One yr. to five yrs., and/or a fine not exceeding ten thousand dollars)

The jury in this case returned a verdict finding Shelton guilty of manslaughter and fixed his punishment at five years in prison and a ten thousand dollar fine. We cannot say from the record, in view of a conflict in the written instructions authorizing only a prison sentence and the printed verdict form referring to a fine, the jury acted according to the law.

See *Brown* v. *State*, May 23, 1977. Under these circumstances, it was error for the jury to impose a fine, and an error is presumed to be prejudicial unless the contrary affirmatively appears. *Osborne* v. *State*, 237 Ark. 170, 371 S.W. 2d 518 (1963). There is no evidence in this case that overcomes that presumption. Therefore, we will modify the judgment to reduce the sentence to five years imprisonment only.

We feel it necessary to elaborate on the better practice of using a verdict form so as to avoid error. The use of "and/or" can be misleading. A jury could decide that a sentence to a prison term and a fine could only be in the alternative. The better practice is to use a form, together with consistent instructions, which would read, in the case of manslaughter, for example, as follows:

We, the jury, find the defendant, John Doe, guilty of manslaughter and fix his punishment as follows:

(1) A sentence of _____ years imprisonment in the
(one year to five years)
state penitentiary,

OR

(2) A fine of _____ dollars
(A fine not to exceed $10,000)
OR

(3) BOTH a sentence of _____ years imprisonment
(one year to five years)
in the state penitentiary, and a fine of _____ dollars
(A fine not to exceed $10,000)

_____
Foreman

We, the jury, find the defendant, John Doe, not guilty.

_____
Foreman

Affirmed as modified.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.