## Charles Parker HARRIS *v.* STATE of Arkansas

CR 77-195                                   561 S.W. 2d 69

Opinion delivered January 23, 1978
(Division II)
[Rehearing denied February 27, 1978.]

*Gene Worsham,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of murder in the second degree and his punishment assessed at ten years' imprisonment and a fine of $5,000. Appellant first contends that the trial court erred in submitting the case to the jury on a higher form of homicide than manslaughter or negligent homicide and in not directing a verdict in his favor on the higher form of homicide because there was no substantial evidence to support the jury's verdict. Appellant argues that to constitute murder in the second degree, as defined by Ark. Stat. Ann. § 41-1503 (1) (b) (Repl. 1977), there must be proof of an intent to kill, which appellant asserts the state failed to prove. § 41-1503 (1) (b) reads that a person commits murder in the second degree if "he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life." The culpable mental state required for second degree murder, as defined by § 41-1503 (1) (b), is not an intent to kill, but rather is to "knowingly" cause such result. Ark. Stat. Ann. § 41-203 (2) defines "knowingly:"

> A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

Therefore, here the state, in order to prove appellant committed second degree murder under § 41-1503 (1) (b), had to prove that appellant acted with an awareness of his conduct, the relevant attendant circumstances, and that his conduct was practically certain to cause the death of his wife.

A directed verdict is proper only when no fact issue exists and on appeal we review the evidence in the light most favorable to appellee and affirm if there is any substantial evidence to support the verdict. *Balentine* v. *State*, 259 Ark. 590, 535 S.W. 2d 221 (1976). Here there was testimony that appellant entered a bar with his wife and sat down in a booth, his wife sitting right next to him. Appellant was seen holding a gun pointed at his wife's throat. She reached for his hand and laid hers upon his at which time the gun fired killing her. Immediately before the shot was fired, appellant was heard to say to her, "Well, I'll fix you." However, appellant adduced evidence from those present that there was no argument and he was engaged in "horseplay." His version was that the incident was accidental. It was for the jury to resolve the conflicting versions. The evidence is amply substantial to support the jury's verdict that appellant "knowingly" caused his wife's death under circumstances manifesting extreme indifference to the value of human life. Accordingly, there was no error in the court's failure to direct a verdict in appellant's favor.

Appellant finally contends that the court erred in accepting the jury's verdict because it was ambiguous and denied him his right to the alternative fine provision contained in the written verdict form. The verdict form, in accordance with the court's instruction, reads:

> We, the Jury, find the defendant, Charles Parker Harris, guilty of Murder, Second Degree, as charged in the Information, and fix his punishment at a sentence of _____ imprisonment in the State Penitentiary, and/or a fine of _____ Dollars.

The jury inserted "10 YRS" and "$5,000" as punishment. The court clerk inadvertently read it by omitting "or." A judgment was accordingly rendered. Suffice it to say that the verdict form did not sufficiently explain the options the jury had and consequently we cannot say that the jury acted ac-

cording to law. *Shelton* v. *State*, 261 Ark. 816, 552 S.W. 2d 216 (1977); and *Brown* v. *State*, 261 Ark. 683, 550 S.W. 2d 776 (1977).

It becomes unnecessary to discuss appellant's other contention that newly discovered evidence warrants a reversal.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.