Roger ROWLAND *v.* STATE of Arkansas

CR 77-208 & CR 77-209                    562 S.W. 2d 590

Opinion delivered March 13, 1978
(Division II)

*Murphy & Carlisle,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. These two cases were consolidated for briefing and submission on appeal. In CR-77-208, appellant Rowland was charged by information filed in the Circuit Court of Madison County on February 14, 1977, with sale of a controlled substance on or about September 28, 1976. In CR-77-209, by information also filed on February 14, 1977, but in the Circuit Court of Carroll County, he was charged with sale of a controlled substance on or about September 10, 1976. He was found guilty of both charges in separate trials. On appeal, he relies on a single point for reversal in CR-77-209. In that case he contends that the circuit judge erred in denying a pretrial motion by his attorney, John William Murphy, under Rule 19.7, Arkansas Rules of Ciminal Procedure, that defendant be granted a continuance or that the state be prohibited from introducing into evidence any material which had not been disclosed to his attorney, John William Murphy, pursuant to Rule 17.1, Arkansas Rules of Criminal Procedure. He urges the same ground, along with two others, for reversal of the judgment in CR-77-208. We find no reversible error on this point.

On March 15, 1977, an omnibus hearing was held in

both cases. At this time, appellant was represented by Douglas L. Wilson. The record of that hearing shows that the prosecution stated that it had disclosed all evidence in its possession favorable to the defendant on the issue of guilt. It also shows that the state had furnished all information requested by the defendant for discovery purposes except that books, papers, documents, photographs or tangible objects to be used at the hearing had not been made available to the defendant for inspection and copying, but the order stated that they would be. Prior convictions of defendant upon which the state intended to rely for impeachment had been furnished to defense counsel by the state. The record of the hearing was approved by Wilson as appellant's attorney.

On July 8, 1977, Wilson filed a motion asking that he be permitted to withdraw as appellant's attorney, because his fee had not been paid as agreed. Appellant retained his present counsel. On July 18, 1977, the circuit judge advised Murphy that trial in one of the cases would be held on July 25 and the other on July 26. Prior to trial, Murphy filed the motion under Rule 19.7. Attached to the motion as exhibits were the letters written by Wilson and Murphy. The motion and exhibits disclosed that Wilson had advised Rowland of his intention to withdraw by letter dated July 6, enclosing copies of his motions; that Murphy was employed by Rowland; that on July 8 Murphy wrote the prosecuting attorney, informing him of the change in attorneys and requesting copies of the informations and "any other documents which you may have pertaining to the omnibus hearing;" that on July 14, Murphy wrote the circuit judge, asking for a continuance for a reasonable period in order to prepare a defense; that the circuit judge responded by letter dated July 18, 1977, in which he declined to continue the cases, which had already been set for July 25 and 26; and that the prosecuting attorney had not responded to Murphy's request for discovery. The court's order permitting Wilson to withdraw was not actually entered until July 22.

In overruling appellant's motion, the trial judge stated:

*** Well, your motion will be overruled because there was an omnibus hearing in this case and the State provided the information at that time that was required

under the rules and the statutes. There were no requests for additional discovery and no request for a Suppression Hearing in this particular case so the rule which you cite is not applicable in this particular case under those circumstances.

When appellant's new counsel objected and asked that the record show that the information had been furnished to the attorney who had asked leave to withdraw, the circuit judge responded:

Well, there was no order made until I was assured that you had been employed by your letter and after that time then I did permit him to withdraw but from July the 8th to July the 25th is plenty of time to obtain whatever information was in his possession.

Appellant does not contend that the prosecuting attorney failed to comply with Rule 17.1 as to disclosure or any condition set out in the record of the omnibus hearing. He only contends that the prosecuting attorney did not repeat these disclosures for the benefit of substituted counsel. Appellant relies upon the provision of Rule 19.7 (a) that, if it has been brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order pursuant thereto, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.

We need not determine the latitude of the trial court's discretion under Rule 19.7 (a), except to say that the court does have some discretion in the matter and that it was not abused here. The right of discovery is not personal to the attorney representing a defendant. It is the right of the defendant. There is nothing in the rules requiring that there should be repeated disclosures of the same information. There is no doubt that, upon a proper showing, the trial court could have required a second disclosure of the same information. It must be remembered that requiring repeated disclosures of the same information could impose an undue burden on a prosecuting attorney. In this case appellant did not show cir-

cumstances that required a repetition of disclosures already made. The letter from the substituted counsel to the prosecuting attorney clearly showed that, more than two weeks before trial and within two days after appellant's original counsel wrote his letter of withdrawal, substituted counsel knew of the omnibus hearing. One of the purposes of that hearing is to resolve any questions about discovery procedures. Rule 20.3 (a) (ii), Rules of Criminal Procedure. There is nothing whatever to indicate that substituted counsel ever communicated with appellant's original attorney or that the information he sought would not have been readily available from this attorney.

We do not attach any significance whatever to the fact that the trial judge did not formally grant Wilson's motion to withdraw until July 22. There is no contention that appellant, his substituted counsel and the judge were not all fully aware of the situation one to two weeks prior to this date.

In CR-77-208, appellant lists two additional points for reversal. The first is that the trial court erred in not admonishing the prosecuting attorney about remarks made in his opening statement and closing argument. We find no abuse of the trial court's discretion in this regard. The prosecuting attorney, in outlining the evidence the state expected to present stated that Gaylen Hutchinson, a state trooper, who was working undercover to purchase drugs from dealers, had arranged a meeting with appellant to discuss a large transaction in drugs and that they met at Marble. He then stated that there were four young people with Rowland, that these young men were there for the same purpose, and that Rowland finished his transaction with these boys, got back with Hutchinson, and Hutchinson got in a vehicle with Rowland. According to the record, the following statements were made:

MR. KEENAN: *** The defendant was mad or upset. I shouldn't say really mad but he was upset because these boys had ordered some dope and had ordered to —

MR. MURPHY: Object, Your Honor, unless this can be shown.

THE COURT: What?

MR. MURPHY: We object unless this can be shown.

THE COURT: Well, the jury is told that the statements of both attorneys are not evidence, that you will try the case on the evidence only. Now, let's proceed.

No further action was requested by appellant. During the trial Hutchinson testified that when he met Rowland, four white males drove up in a Toyota or Datsun, one of whom he knew. He said that they appeared to be around 17 or 18 years of age. He said that two of them got in a car with Rowland and that, at Rowland's direction, he followed them to a small store, where some discussion took place between Rowland and the four young men, after which Rowland instructed Hutchinson to follow them back to Marble — that he had a business transaction taking place. After these young men left, Rowland complained that one of them had ordered two or three "lids" but only took one, according to Hutchinson, who said that he then offered to buy one of those and that Rowland pulled two "lids" from under the seat of his car and sold one of them to Hutchinson. Hutchinson described a "lid" as a plastic sandwich bag partly filled with marijuana. No objection was made to any of this evidence.

In closing argument the prosecuting attorney made these statements:

*** Now, he'd like you to forget those four young men, those four 17 or 18 year old boys. He'd like for you to forget about that and let's not think about that, just think about the little bit that he sold to Gaylen but you can't forget about that, that's in the evidence. You can't forget Roger Rowland was in Madison County dealing dope to your children and was mad at them because they didn't take enough, upset with them because they'd ordered two "lids" and I guess they couldn't get the money together to buy that other "lid", $15.00 a half ounce. I can see why Mr. Murphy wants you to forget about that and just think of him as a little dope smoker. *** We got the dope from this one, he wants you to forget Roger Rowland came from Carroll County to

Madison County to sell our kids dope. Forget that but you can't. *** We have a chance to protect those young people from people like him. *** — there's no getting around it, there's no entrapment. He afforded the person the opportunity to sell him dope, the person who would not otherwise commit a crime? No, no. That's not it. The person selling dope to your kids. *** He's guilty, and then speak out strongly and say dope peddlers stay away from our 17 and 18 year old kids, our 14 year old kids, our 12 year old kids. Stay away from them. We don't want you selling dope in Madison County to our young people and let the rest of those dope dealers that are wandering around out there, let them know it, too. *** I don't think we'll ever get rid of them but by golly we'll cut down on them a long way when they know it's going to cost them time in the penitentiary and all that money they're making, all the money they're making off our kids is going to go back into this county as a fine, they weigh it.

We will not reverse the action of the trial court in matters pertaining to its controlling, supervising, and determining the propriety of, the arguments of counsel in the absence of manifest gross abuse. *Perry v. State,* 255 Ark. 378, 500 S.W. 2d 387. We find no abuse of discretion here in view of the absence of any objection, the testimony of Hutchinson to which no objection was made, and the fact that the prosecuting attorney obviously made some of these remarks in response to statements in the closing argument of appellant's attorney. We also note that the trial judge, in instructing the jury just prior to the arguments, had stated that opening statements and closing arguments of the attorneys are not evidence and that any arguments or statements by attorneys having no basis in the evidence should be disregarded.

We find no merit in appellant's second point for reversal in CR-77-208. The trial court instructed the jury that the sale of marijuana is punishable by imprisonment in the Department of Correction for not less than three nor more than ten years or by a fine not exceeding $15,000, or by both such imprisonment and fine. Appellant objected to the verdict form submitted to the jury. It was:

## VERDICT

We, the jury, find defendant guilty of sale of marijuana and fix his punishment at _____

## VERDICT

We, the jury, find defendant, Roger Rowland, not guilty.

The jury used the first verdict and filled in the blank thus: Three year prison sentence, $2,000 fine. The only objection made to the form was that it failed to show what the maximum and minimum punishments were — "and/or the fine." The circuit judge responded, "I have already instructed them on that." This was a proper and sufficient answer to the objection made. There is not the slightest indication that the jury was, or could have been, misled. There is no requirement that a form of verdict given a jury show the sentencing alternatives. It is not error to submit a blank form to be filled in by the jury. *Stuart* v. *State*, 522 P. 2d 288 (Okla. Cr., 1974). See also, *Oden* v. *State*, 41 Ala. App. 212, 127 So. 2d 380 (1961). There is not even any requirement that a verdict form be submitted by the trial judge, although it is certainly the better practice to do so. See Ark. Stat. Ann. §§ 43-2143, -2145 (Repl. 1977); *State* v. *Layton*, 332 Mo. 216, 58 S.W. 2d 454 (1933); *Stuart* v. *State*, supra; *West* v. *State*, 24 Ariz. 237, 208 P. 412 (1922); *State* v. *Hickenbottom*, 63 Wyo. 41, 178 P. 2d 119 (1947); *People* v. *Hill*, 116 Cal. 562, 48 P. 711 (1897). The jury may prepare and present its own form of verdict. *People* v. *Mack*, 115 Cal. App. 588, 2 P. 2d 209 (1931); *People* v. *Hill*, supra. In the ordinary case, a general verdict is not actually required to be in writing, but may be announced orally. *Atkins* v. *State*, 16 Ark. 568; *Dixon* v. *State*, 29 Ark. 165. If a party desires to have a particular form of verdict, or instruction as to the form, it is his duty to prepare a form or an instruction as to the form he deems correct and request the trial court to submit or give it. *Spies* v. *People*, 122 Ill. 1, 12 N.E. 865, error dism. 123 U.S. 131, 8 S. Ct. 22, 31 L. Ed. 80 (1887); *People* v. *Wilson*, 1 Ill. 2d 178, 115 N.E. 2d 250 (1953), cert. den. 347 U.S. 928, 74 S. Ct. 530, 98 L. Ed. 1080; *State* v. *Fisko*, 58 Nev. 65, 70 P. 2d 1113 (1937); *Loos* v. *People*, 84 Colo.

166, 268 P. 536 (1928). See also, *O'Brien* v. *State*, 39 Ariz. 298, 6 P. 2d 421 (1931).

Cases such as *Shelton* v. *State*, 261 Ark. 816, 552 S.W. 2d 216; and *Brown* v. *State*, 261 Ark. 683, 550 S.W. 2d 776, have no application here. In *Brown*, the court did not instruct the jury as to the penalty, as the judge did here, and the verdict form submitted was ambiguous. It should be noted that the defendant presented correct forms of verdict to the court in that case. In *Shelton*, the court instructed the jury that a prison sentence could be imposed, but failed to instruct the jury that it could levy a fine. The verdict form conflicted with the instruction. This is not the case here. We gave an example of a proper form which would avoid the use of the often ambiguous "and/or" in jury verdicts but its use was not made mandatory.

The judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.