Charles Parker HARRIS *v.* STATE of Arkansas

CR 79-8                                                     580 S.W. 2d 453

Opinion delivered April 23, 1979
(Division I)
[Rehearing denied May 29, 1979.]

*Ralph M. Cloar, Jr.* and *Robert L. Lowery,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On the night of November 17, 1976, Harris shot and killed his wife while the couple were sitting in a booth in a tavern in Little Rock. Charged with second degree murder, Harris was found guilty and sentenced to 10 years' imprisonment "and/or" a $5,000 fine. We reversed the judgment, owing to the ambiguity in the verdict, and ordered a new trial. *Harris v. State,* 262 Ark. 680, 561 S.W. 2d 69 (1978). At the second trial Harris was again convicted and was sentenced to 20 years' imprisonment. Two points for reversal are argued.

At both trials the defense attempted to prove that Harris was engaging in horseplay and that the shooting was accidental. At the second trial the State, doubtless anticipating that defense, introduced testimony showing that Harris and his wife, during their two years of married life, had frequent quarrels. On several occasions Harris threatened to kill her, and in one instance he beat her so severely that she was hospitalized for a substantial period. It was also shown that at the time of the homicide a divorce suit was pending and the parties had agreed upon an uncontested decree.

On the first appeal Harris argued that the State had not proved an intent to kill; but we pointed out that the culpable mental state required for second-degree murder is not an intent to kill, but rather to "knowingly" cause that result. Ark. Stat. Ann. § 41-1503 (Repl. 1977). At the second trial the court instructed the jury in the language of the statute.

It is now argued that, since proof of an intent to kill was not essential, the State should not have been allowed to prove that Harris had threatened to kill his wife and had severely beaten her. That evidence, however, was relevant, because it tended to prove that Harris, in shooting his wife, acted knowingly rather than accidentally. That the testimony could also be taken to imply that Harris intended to kill his wife did not render it inadmissible. The State is entitled to prove its case as conclusively as it can. *Reeves v. State,* 263 Ark. 227, 564 S.W. 2d 503 (1978). It frequently happens, in a prosecution for second-degree murder, that the State's proof could be interpreted to support a finding of first-degree murder, but that does not mean that the testimony is therefore inadmissible. Relevant proof is not to be excluded merely because in-

ferences going beyond the State's burden of proof might be drawn if the issues were different.

It is also argued that the more severe punishment imposed at the second trial demonstrates vindictiveness on the part of the prosecution, as a reaction to Harris's success in taking his first appeal. Counsel rely upon the holding in *North Carolina* v. *Pearce,* 395 U.S. 711 (1969). There, however, it could be inferred that the trial judge acted vindictively in increasing the severity of the sentence, to punish the defendants for having obtained postconviction relief. Here the two trials were heard by entirely different juries. The second jury is not shown to have known anything about the first sentence or about the successful appeal. Consequently there is no basis for a finding of vindictiveness, and the more severe sentence is valid. *Chaffin* v. *Stynchcombe,* 412 U.S. 17 (1973).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.