### Roy HOKE *v.* STATE of Arkansas

CR 80-2                           603 S.W. 2d 412

Supreme Court of Arkansas
Opinion delivered September 8, 1980

*Gibson & Gibson, P.A.*, by: *Robert B. Gibson*, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. At a trial on May 4, 1979, a jury found Hoke guilty of manslaughter. According to the court reporter's transcript of the proceedings, the foreman of the jury, in announcing the verdict of guilty, stated that the punishment was fixed at imprisonment in the Department of Correction for five years and a fine of $5,000. The court orally sentenced the defendant in the same language, mentioned his right of appeal, and permitted him to remain on the same bond. Notice of appeal was filed on May 31.

The written judgment was signed, nunc pro tunc, on August 24, 1979, and entered of record. The defendant contended below by a motion to vacate, the contends here, that

the judgment is void and he is entitled to an absolute discharge because the judgment was not entered within the 30 days specified in Criminal Procedure Rule 36.4 (1976). The rule is obviously not mandatory, not only because it specifies that the sentencing and judgment "may" be postponed for not more than 30 days, but also because the nunc pro tunc entry of judgments actually rendered earlier has long been the practice in Arkansas. It cannot have been the intent of the rule to permit a convicted felon to escape punishment altogether merely because the judgment was not reduced to writing within 30 days.

The defendant also argues that his punishment should be only a $5,000 fine, because the jury foreman signed a form of verdict fixing the punishment as five years' imprisonment "and/or" a $5,000 fine. Such a verdict form should *not* be used by the circuit courts, as we have pointed out. *Shelton* v. *State*, 261 Ark. 816, 552 S.W. 2d 216 (1977). Chapter 61 of AMI Criminal (1979) contains verdict forms conforming to the holding in *Shelton*. Here the possible ambiguity was harmless, because the foreman announced the verdict correctly, and the court imposed the correct sentence. Moreover, this case was tried after July 3, 1978; so supposed error in the verdict form cannot be raised for the first time in this court, as the appellant seeks to do. *Goodwin* v. *State*, 263 Ark. 856, 568 S.W. 2d 3 (1978).

Affirmed.