Paul RUIZ *v.* STATE of Arkansas

CA CR 82-2                                    633 S.W.2d 399

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. This is a criminal case in which appellant's sole issue on appeal is that the trial court erred in failing to grant a directed verdict on the offense of escape in the first degree. A jury found him guilty of two crimes, *viz.,* (1) escape in the first degree, and (2) kidnapping.

The record reflects that the charges against appellant arose out of a prisoners' takeover of the maximum security building at the Cummins Unit of the Arkansas Department of Correction on January 1, 1979. Appellant's contentions are two-fold: (1) There is no evidence that appellant permitted other prisoners to escape; and (2) There is no evidence to support the proposition that he escaped from the correctional facility. Aside from appellant's second contention, we believe the evidence was sufficient for the jury to find he aided other prisoners to escape.

Escape in the first degree is defined in Ark. Stat. Ann. § 41-2810 (1) (a) and (b) (Repl. 1977) as follows:

> First degree escape. — (1) A person commits the offense of first degree escape if:
> (a) aided by another person actually present, he uses or threatens to use physical force in escaping from custody or a correctional facility; or
> (b) he uses or threatens to use a deadly weapon in escaping from custody or from a correctional facility.

In addition to the State's charge that appellant violated § 41-2810 as a principal, the trial court also instructed the jury to consider whether appellant was an accomplice to an escape. Under our Criminal Code, there is no distinction between principals and accomplices insofar as criminal liability is concerned. *Parker* v. *State,* 265 Ark. 315, 325, 578 S.W.2d 206 (1979), and *Ruiz* v. *State,* 265 Ark. 875, 582 S.W.2d 915 (1979). Concerning the issue on whether appellant was an accomplice, the proof at trial showed that ten prisoners escaped the correctional facility during the occurrence of the events that led to the criminal charges filed

against appellant. To convict appellant as an accomplice to first degree escape, the State was required to prove he aided, agreed to aid or attempted to aid another person to escape as that crime is defined under § 41-2810, *supra*. When we view the evidence in the light most favorable to the State, as we must do, we have no doubt that there was substantial evidence to support the jury's verdict. See *Chaviers* v. *State,* 267 Ark. 6, 588 S.W.2d 434 (1979), and *Harris* v. *State,* 262 Ark. 680, 561 S.W.2d 69 (1978). A review of the evidence, we believe, especially supports the view that appellant acted as an accomplice to the escape by other inmates.

The uncontradicted evidence shows that a prison inmate named Johnny Wiggins precipitated the events which transpired at Cummins on January 1, 1979. Wiggins gained entrance, by force, into the correctional facility control room in the maximum security building, and subsequently, other inmates, including appellant, were released from their cells. The inmates then caused all of the correction officers in the building, six in number, to be locked in one cell. At a later time, appellant came to this cell to retrieve one of the correctional officers and proceeded to take the officer with him to the control room. While in the control room, appellant threatened the officer with a homemade knife and told him to call the officers outside the facility and to ask them to "back off." The officer, who was held as a hostage by appellant, testified that appellant intended to kill him if the officers outside attempted to come in. The proof is clear that appellant had control of an officer and the controls for the entire maximum security building.

At this point in time, the warden of the Cummins Unit appeared on the scene and learned of the hostage situation. He and eleven other officers armed themselves with shotguns, rifles and pistols and proceeded to secure and retake control of the building.

Sometime during these described events, ten prisoners escaped the Cummins facility. Although there was no direct proof that appellant released these ten inmates from their cells, the record is replete with evidence that shows appellant held control of the entire maximum security building at the

time the prisoners were in flight. Because appellant had commandeered the control room of the building, he caused six correction officers to be held hostage while twelve more officers were held at bay outside the building. In sum, appellant was responsible for fully occupying the time of eighteen officers while ten prisoners were fleeing the Cummins Correctional Facility. It is difficult to conceive of another more realistic set of facts than that posed here where one person could have done more to aid others in an escape. Based on these facts, we hold that the jury's verdict is supported by substantial evidence and should be affirmed.

Since the evidence clearly supports appellant's conviction as an accomplice to first degree escape and his criminal liability is the same as if he were a principal, it is unnecessary to discuss the ancillary issue concerning whether appellant escaped. Therefore, we affirm for the reasons stated above.

Affirmed.