William Claude HUNTER *v.* STATE of Arkansas

CA CR 83-11                                        653 S.W.2d 159

Court of Appeals of Arkansas
Substituted Opinion on Denial of Rehearing
delivered July 6, 1983

283-A

*Joel W. Price,* for appellant.

*Steve Clark*, Atty. Gen., by: *Michael E. Wheeler*, Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, William Claude Hunter, was convicted by jury verdict of two counts of burglary, and sentenced to ten years imprisonment. Appellant urges seven points for reversal, none which we find to have merit.

I.

Appellant moved for a continuance based upon the belated disclosure by the State of additional witnesses to be called.

On June 15, 1982, the State filed its response to appellant's motion for discovery, listing the names of eight potential witnesses. At a June 24, 1982 pre-trial hearing, held five days before the jury trial, the State listed the names of five additional potential witnesses.

Arkansas Rules of Criminal Procedure, Rule 19.7 (a) provides that if it is brought to the court's attention that a party has failed to comply with a discovery rule, the court may, among other things, grant a continuance or enter such order as it deems proper under the circumstances. It is a matter that is within the discretion of the trial court. *Rowland* v. *State*, 263 Ark. 77, 562 S.W.2d 590 (1978). The granting of a continuance rests within the sound discretion of the trial court and the trial court's decision will not be set aside in the absence of abuse. *French* v. *State*, 271 Ark. 445, 609 S.W.2d 42 (1980).

At the June 24 hearing, appellant's attorney initially announced a possible plea agreement, but returned after a court recess to inform the court that there would be no agreement. The State then provided the names of the five additional possible witnesses. The prosecuting attorney's office maintained an open file policy, and appellant's counsel informed the court that he had examined the State's file. The names of all the additional witnesses were to be found in the State's file. While the State did not rely upon the

open file policy to satisfy its obligations under the rules of discovery, it was a factor to be considered by the court in determining whether, under the circumstances, a continuance should be granted. All the additional witnesses lived in the city of Fort Smith, where the offense occurred, or had a place of business there, and one witness, Officer Fran Brown, had testified at an earlier hearing.

Under the circumstances of this case, the trial court did not abuse its discretion by refusing a continuance.

## II

The trial court properly refused to exclude the testimony of witness Millie Smith.

Only one of the five potential witnesses added to the State's list on June 24, Millie Smith, testified at trial. Mrs. Smith was co-owner of a pawn shop where a ring, identified by another witness as being one of the items allegedly stolen, was pawned. Mrs. Smith did not identify appellant as the person who pawned the ring. At trial, appellant announced that he had no objection to the introduction of a document admitted through Millie Smith which contained the name and address of appellant's mother, Glenda Atwell. Subsequent testimony developed through another witness indicated that Glenda Atwell, was, in fact, the mother of appellant.

Mrs. Smith's pawn shop was in Fort Smith and her home was in the local area. There was no showing that appellant encountered any hardship in interviewing the witness, and Mrs. Smith's name was in the State's file examined by appellant's attorney. This is not a case in which the State failed to divulge its intention to call Mrs. Smith as a witness; the State did disclose such intention five days before trial, and we fail to see how appellant was hampered in his preparation for trial by the belated disclosure. A statement made by the Arkansas Supreme Court in *Dupree* v. *State,* 271 Ark. 50, 607 S.W.2d 356 (1980), is equally applicable here:

Dupree could not well have been surprised to learn that Mrs. Parker would be a witness. Investigation of the case should have revealed the nature of the testimony she might be expected to give. A defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation.

## III

Appellant was charged by information with the offense of burglary. Five days before trial, the State was permitted to file its amended information which added an habitual criminal charge. Appellant's motion for a continuance based upon the belated filing was denied.

In *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977), the trial court allowed the State to amend its information after the trial had started in order to permit the State to request enhancement of punishment under the Habitual Criminal Act. The first notice given to appellant that he would be charged under the Habitual Criminal Act was in a letter dated three days before trial. On appeal, the Arkansas Supreme Court held that there was no error in allowing the amendment, but that the trial court erred in denying appellant's motion for continuance. The conviction was affirmed, however, because the appellant had not shown he was prejudiced.

We believe there was no showing of prejudice in this case. At the June 24 hearing, the deputy prosecuting attorney informed the court that she had advised appellant's attorney a week before that if the plea bargaining in the case failed, the State would file an habitual criminal amendment. The amended information was then filed, five days before trial, when it became known that the case would not be plea bargained. Further, the record indicates that all the prison convictions relied upon by the State came from the same judicial district from which appellant brings his present appeal. Appellant had ample opportunity to obtain the information from which he could verify the charges made by the State or refute them.

## IV

Appellant's motion to suppress his confession based upon his charge that the confession was not voluntarily given was denied.

Appellant testified at the motion to suppress hearing that Officer Clay Thomas told him it would benefit appellant and be in his best interest to give a statement. Officer Thomas testified that he considered appellant to be a friend of his and that he probably had told appellant that it would benefit appellant to give a statement. However, appellant testified that Officer Thomas asked him if he would like to talk to his hired attorney, Sam Hugh Park, and appellant called Mr. Park. Appellant testified that his attorney advised him to give a statement. Appellant stated that the only reason he gave a statement was because his attorney told him to.

The State bears the burden of proving by a preponderance of the evidence the voluntariness of a confession. *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981). Upon appeal, the question is reviewed and the court makes an independent determination of the issue of voluntariness based upon the totality of the circumstances. *Hunes* v. *State*, 274 Ark. 268, 623 S.W.2d 835 (1981). Based upon the court's review, the finding of the trial court will not be reversed unless it is clearly erroneous. *Davis* v. *State*, 275 Ark. 264, 630 S.W.2d 1 (1982).

We cannot say that the action of the trial court was clearly erroneous. The statements made to appellant by Officer Thomas were improper, and under other circumstances might well require reversal. However, appellant testified that the only reason he gave a statement was because his attorney at that time told him to, and the trial court could reasonably accept that testimony.

## V

Appellant contends that the trial court erred in refusing three instructions which basically would have submitted to

the jury the issue of the voluntariness of appellant's confessions. The State argues that appellant has waived this argument because he has failed to abstract all of the instructions submitted to the jury. The State also argues that, if this court reaches the merits of appellant's argument, then the trial court was correct since the question of the voluntariness of a confession is a question for the trial court and not the jury.

We hold that appellant has not waived his right to argue this point since he was not required to abstract all of the instructions given. Rule 11 (f) of the Rules of the Supreme Court and the Court of Appeals requires the appellant

> . . . to abstract such parts of the record, but only such parts of the record, as are material to the points to be argued in his brief.

Rule 9 (d) of the Rules of the Supreme Court and the Court of Appeals requires that

> the appellant's abstract or abridgment of the records should consist of an impartial condensation, without comments or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision.

*Moser* v. *State,* 262 Ark. 329, 557 S.W.2d 385 (1977), involved the argument that the trial court erred in refusing to give certain proffered instructions. The Arkansas Supreme Court noted that since neither party abstracted the instructions "upon this point" the judgment would not be reversed solely on the failure to give the proffered instructions. In *Ellis* v. *State,* 267 Ark. 690, 590 S.W.2d 309 (Ark. App. 1979), this court refused to consider an alleged error in the exclusion of certain instructions since the instruction to which appellant objected was not fully abstracted and since "[H]e has set out none of the other instructions given." In *Williams* v. *Fletcher,* 267 Ark. 961, 593 S.W.2d 48, *supp. op.,*

267 Ark. 965, 644 S.W.2d 946 (Ark. App. 1980), this court stated that "Rule 9 does not require an appellant to abstract all the instructions given by the court as a predicate to an objection on appeal to failure by the trial court to give an instruction proffered by the appellant." In the case at bar, appellant has adequately complied with Rules 9 (d) and 11 (f). It is clear that the State is not arguing that other instructions which were given adequately covered the points raised in the proffered instructions. Rather, the State argues that the issues presented by the proffered instructions were not issues which should have been decided by the jury at all.

We do not believe that the trial court erred in refusing to give the proffered instructions concerning the voluntariness of the confessions. In *Hall* v. *State*, 276 Ark. 245, 634 S.W.2d 115 (1982), the Arkansas Supreme Court stated:

> . . . since the decision in *Jackson* v. *Denno*, 378 U.S. 368 (1964), the trial judge determines the voluntariness of a confession after an in-chambers hearing and is not required to resubmit that issue to the jury. *Walker* v. *State*, 253 Ark. 676, 488 S.W.2d 40 (1972); *Brown* v. *State*, 239 Ark. 909, 395 S.W.2d 344 (1965), cert. denied 384 U.S. 1016 (1966). Consequently, as explained in AMCI 200, Comment, the Arkansas model criminal jury instructions do not include an instruction with respect to confessions, because the weight and credibility of the testimony are matters to be argued by counsel.

In *Hall, supra,* the court pointed out that the trial judge was free, if he so chose, "to submit the issue of voluntariness to the jury if he thinks it to be appropriate." We cannot say that the trial court abused his discretion in refusing to submit the proffered instructions to the jury.

## VI

Ark. Stat. Ann. § 41-1001 (Supp. 1981) provides for an extended term of imprisonment for a defendant who is convicted of a felony and who has previously been convicted or found guilty of two or more felonies. However, appellant

contends that the State having alleged that the defendant had been convicted of three or more felonies *on the date of the commission of the above-charged felony,* should not have been allowed to offer proof varying from that information by introducing documents that evidence appellant was convicted *after* the commission of the charged offense. Appellant contends that the State having alleged one thing should not be allowed to produce other evidence not alleged.

In *Clinkscale* v. *State,* 269 Ark. 324, 602 S.W.2d 618 (1980), the court held that where the State alleges two or more convictions, no more than two can be admitted against a criminal defendant. The court held that allegations of prior convictions are just like essential elements of a crime, that only those that are alleged can be used.

In this case, the State alleged three prior convictions, which it proved at trial, but it had unnecessarily alleged that appellant had been convicted of all the prior felonies on the date of the conviction of the instant charge. The statute does not require that. The habitual criminal statute was not designed as a deterrent, but is simply a punitive statute which provides in clear language that, in an appropriate case, a prior conviction, regardless of the date of the crime, may be used to increase punishment. See *Washington* v. *State,* 273 Ark. 482, 621 S.W.2d 216 (1981).

In the instant case, two of the prior convictions were for offenses committed prior to the commission of the instant offense, but the convictions were not obtained until after the commission of the instant offense. The only question here is whether the State must prove the offenses precisely as charged. We hold that under the circumstances of this case, the failure does not merit reversal. The variance could not have surprised or misled appellant, and the variance resulted in no prejudice to appellant.

## VII

Ark. Stat. Ann. § 43-2115 (Repl. 1977) provides that a confession of a defendant will not warrant a conviction unless accompanied with other proof that such an offense

was committed. Appellant contends that, besides the confession, there was insufficient evidence to establish that a crime was committed by anyone.

This court must review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the refusal of the trial court to direct a verdict. *Tucker* v. *State*, 3 Ark. App. 89, 622 S.W.2d 202 (1981).

There is sufficient evidence, in addition to the confession of appellant, to establish the commission of a burglary in this case. Cecelia Arnold testified that jewelry valued in excess of $2,000 was taken from her home, and that scratches were found by the lock on her front door. Some of the missing items were returned to Mrs. Arnold by the police, and she identified her class ring which had been recovered by the police at Millie Smith's pawn shop. It was unnecessary for the State to produce proof, in addition to the confession, linking appellant to the offense; it was only necessary to introduce evidence other than the confession to show that such an offense was committed. There was ample evidence, other than the confession, that an offense, such as described in appellant's confession, was committed.

We find no error in the trial court and we affirm the conviction.