Jose Luis RUBIO *v.* STATE of Arkansas

CA CR 86-44                                    715 S.W.2d 214

Court of Appeals of Arkansas
Division II
Opinion delivered September 10, 1986

*Joel W. Price*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was charged with the offenses of possession of cocaine with intent to deliver, possession of drug paraphernalia and of being a felon in possession of a firearm. After a jury trial, appellant was found guilty of being a felon in possession of a firearm and of possession of drug paraphernalia. Appellant was not convicted of possession of cocaine with intent to deliver, but was convicted of the lesser included offense of possession of cocaine, a class C felony.

Appellant was sentenced to a total of thirteen years in prison for all of the convictions. For his appeal, appellant argues that his arrest and the subsequent search of his car were illegal and the evidence obtained as a result should have been suppressed; that the trial court erred in failing to grant a continuance based on the fact that the State had failed to timely disclose evidence; that the trial court erred in admitting evidence of appellant's prior convictions; and that the trial court erred in failing to sever the felon in possession of a firearm charge from the other charges. For the reasons set out below, we disagree with appellant's arguments and affirm.

Appellant first argues that he was arrested illegally because the arresting officer did not have reasonable cause to believe that appellant had committed a crime. We do not find any merit to this argument.

Detective Sergeant Glen Yates testified that on January 25, 1985, a confidential informant told him that there was a person in Fort Smith in possession of a large quantity of cocaine. The informant also told him that this person was a male in the company of a white female, that he was from San Antonio, Texas, was driving a blue Volvo with Texas dealer's tags, that he was staying at the Continental Motel in Fort Smith, that the informant had seen the cocaine, and that the cocaine could be found in a brown briefcase.

Detective Yates testified that he had used this particular informant before and had found the information he gave to be reliable in the past. Early in the morning on January 26, 1985, Detective Yates contacted the Continental Motel and discovered that a man registered under the name of J. Rubio from San Antonio, Texas, owned a blue Volvo with Texas dealer's tags. Detective Yates stated that he knew appellant had been involved with and was a known associate of another man recently convicted of possession of narcotics with intent to deliver.

Detective Yates then put the blue Volvo under surveillance. About twelve and one half hours later, appellant emerged from a house in the company of a white female. He was carrying a brown briefcase. Appellant got in the blue Volvo and drove away. He was arrested a few minutes later.

■■ Probable cause exists where the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed by the person arrested. *Morgan* v. *State*, 286 Ark. 264, 691 S.W.2d 164 (1986). Information coming to the police must rise above the mere suspicion of criminal activity; however, it need not be tantamount to the degree of proof necessary to sustain a conviction. *Holmes* v. *State*, 262 Ark. 683, 561 S.W.2d 56 (1978); *Jones* v. *State*, 246 Ark. 1057, 441 S.W.2d 458 (1969).

■ We find that Detective Yates did have probable cause to arrest appellant. Detective Yates testified that his informer had seen the cocaine and that the informer's information had led to arrests and convictions in other cases. The information supplied by the informer that Detective Yates was able to investigate before the arrest proved to be truthful. Detective Yates personally knew of appellant's involvement with another known narcotics dealer. Finally, appellant was seen carrying a brown briefcase, where the informer had told Detective Yates the cocaine would be.

Appellant was searched incident to the arrest. A sifter which could have been used for processing cocaine was found in his jacket pocket. Detective Yates field tested this and found it tested positive for trace amounts of cocaine. Detective Yates then got a search warrant and searched the car and briefcase. In the briefcase was a handgun, a small packet of white powder, which was later tested and found to be cocaine, a set of scales and a clear plastic bag with twenty-three white pills. Appellant argues that since Detective Yates did not state in his affidavit exactly how the informer knew what he had seen was cocaine and did not state the circumstances in which the informer had seen the cocaine, the affidavit was fatally defective.

■■ Appellant, however, is relying on the two-prong *Aguilar* test, as set out in *Aguilar* v. *Texas*, 378 U.S. 108 (1964). That test required that the affidavit must reflect (1) some underlying circumstances showing the reliability of the inform-ant and (2) some underlying circumstances from which the informant concluded that the items to be seized were where he

said they were. This test has been overruled by the U.S. Supreme Court and the Arkansas Supreme Court. *See Illinois* v. *Gates*, 462 U.S. 213 (1983); *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983). The test now used is the totality of the circumstances test whereby the issuing magistrate is to make a practical, common sense decision based on all the circumstances set forth in the affidavit. *Thompson, supra.* Here the magistrate not only considered the information supplied by the informer and Detective Yates's verification of it; he also had the fact that a background check revealed that appellant had been previously arrested for drug violations and the fact that the sifter that tested positive for trace amounts of cocaine was found in appellant's pocket. Based on all of the information contained in the affidavit, we do not think that it was defective and we think it was proper for the magistrate to issue the search warrant.

After the scales, pills, and powder had been confiscated, they were sent to the Arkansas State Crime Laboratory for analysis. The analysis was done by Joey Clark, a chemist. Mr. Clark returned a two-page report. The first page indicated that the powder in the sifter tested positive for cocaine. The second page stated that the scales and the powder also tested positive for cocaine but that the white pills did not reveal any controlled substances. When the State made the report available to appellant, the second page of the report was inadvertently not attached. It was not until one day before the trial that appellant was made aware of the contents of the second page of the report.

Appellant argues that since the State failed to give him the second page of the report until one day before the trial, the State had not complied with the rules of discovery contained in A.R.Cr.P. Rule 17.1, and that the trial court erred in refusing to exclude this evidence or to grant a continuance. This argument is without merit.

The decision whether to exclude materials which were not disclosed is within the sound discretion of the trial court. *Lear* v. *State*, 278 Ark. 70, 643 S.W.2d 550 (1982). Likewise, it is within the trial court's discretion to grant a continuance if a party has failed to comply with discovery. A.R.Cr.P. Rule 19.7(a); *Hunter* v. *State*, 8 Ark. App. 283, 653 S.W.2d 159 (1983). The appellate court will not disturb the trial court's decision absent an

abuse of discretion. *Lear, supra.* We can find no abuse in this case.

Although the State admittedly erred and inadvertently omitted the second page in its response to appellant's request for discovery, appellant knew, or should have known, that this evidence would be introduced. The State's response specifically stated that it would call Mr. Clark to testify. It further stated that the report written by Mr. Clark containing analyses of the white powder and sifting device was attached. The response also stated that the circled items on the attached list, which was a list of items seized pursuant to the search warrant, would be introduced into evidence. The red scales, the bag of pills and the bag of white powder were all circled items. All of this information should have put appellant on notice that the substance in the white bag was a crucial part of the State's case. We are not swayed by appellant's argument that the State's tardiness in supplying the missing page of the report precluded appellant from seeking a second analysis. There is no evidence in the record that appellant made any request of either the prosecution or the court. A defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation. *Heffernan* v. *State*, 278 Ark. 325, 645 S.W.2d 666 (1983).

During the trial the State introduced evidence of appellant's prior conviction for possession of cocaine with intent to deliver. The State offered this evidence for three reasons: 1) to prove the element of being a felon in possession of a firearm; 2) to show the appellant's intent to deliver; and 3) to show that the paraphernalia which appellant had on his person was to be used as drug paraphernalia. Appellant argues that this evidence was irrelevant to show his intent and was unduly prejudicial. However, since appellant was not found guilty of possession of cocaine with intent to deliver, but instead was found guilty of the lesser included offense of possession of cocaine, we fail to see how this evidence prejudiced him. Furthermore, in order to prove the charge that appellant was a felon in possession of a firearm, the State must prove that the defendant had indeed been convicted of a felony. *See* Ark. Stat. Ann. § 41-3103 (Repl. 1977).

Lastly, appellant argues that it was error for the trial court to refuse to sever the felon in possession of a firearm charge from the other charges. A defendant has the right to a

severance whenever two or more offenses have been joined solely on the ground that they are of the same or similar character. A.R.Cr.P. Rule 21; *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). However, when offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single plan or scheme, they may be joined for trial. A.R.Cr.P. 21.1(b). *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). In this second instance, the decision to join or sever offenses is within the discretion of the trial court, and we will not reverse absent an abuse of discretion. *Ruiz* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981). Since the gun was found in the same briefcase as the cocaine and the briefcase was seen in defendant's possession, the offenses were properly joined, and we cannot say that it was an abuse of discretion for the trial court to refuse to sever the offenses.

Affirmed.

COOPER and CORBIN, JJ., agree.