Dexter Gene MARTIN *v.* STATE of Arkansas

CA CR 87-34                                    736 S.W.2d 287

Court of Appeals of Arkansas
Division I
Opinion delivered September 16, 1987
[Rehearing denied October 21, 1987.]

*Dale Lipsmeyer*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. This appeal is from a conviction for battery in the first degree. The appellant, Dexter Gene Martin, argues that the trial court erred in exempting the State's expert witnesses from the requirement that all witnesses be excluded from the courtroom during appellant's trial once counsel for the appellant had invoked the witness-exclusion rule. The appellant also argues that the court erred in imposing a 12 year sentence of imprisonment and a $5,000.00 fine when the jury verdict form could be read as a recommended sentence of either 12 years imprisonment "or" a $5,000.00 fine. We find no error and affirm.

At trial, after appellant's counsel had requested the rule, the trial judge required all witnesses to leave the courtroom until called to testify. He then stated, "Ordinarily, that would not apply to expert witnesses, if you have any doctors." The State indicated that two of its witnesses were experts. No other exchange occurred between the court and counsel on this issue until the State's first expert witness was called to testify. At that time, counsel for the appellant inquired as to whether the rule would permit the exclusion of one expert from the courtroom while another was testifying. Counsel for the State argued that all expert witnesses could remain in the courtroom for the duration of the trial, and the court concurred. Thereafter, counsel for the appellant neither objected to the presence of these witnesses nor attempted to have their testimony excluded.

Rule 615 of the Arkansas Rules of Evidence provides that upon the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The standard of discretion given to the trial judge by this part of the rule is that of no discretion. *Blaylock* v. *Strecker*, 291 Ark. 340, 724 S.W.2d 470 (1987). Use of the word "shall" makes exclusion of the witnesses mandatory. If a party requests the rule, it must be granted. *Blaylock, supra; Arkansas Power &*

*Light Co.* v. *Melkovitz*, 11 Ark. App. 90, 668 S.W.2d 37 (1984).

The remainder of the rule exempts certain persons from the rule's operation. It provides, in part: "This rule does not authorize exclusion of . . . (3) a person whose presence is shown by a party to be essential to the presentation of his cause." When an exception to the rule is sought under subsection (3), it is likely to be based upon Rule 703 of the Arkansas Rules of Evidence. Rule 703 implies that the particular expert witness will be present in court to hear the evidence. *Melkovitz, supra.* The exception provided by subsection (3) is not automatic, however, and depends upon the extent to which the expert will base his opinion upon testimony presented in court. When a party seeks to exempt an expert witness under subsection (3) of Rule 615, the decision is within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion.

The appellant places great weight upon the trial court's action in exempting the State's expert witnesses under subsection (3) prior to a showing by the State that the experts were going to base their opinions on testimony heard at trial rather than their own independent investigations—thereby making their court-room presence essential to the State's case. Violation of the witness-exclusion rule, however, is a matter which goes primarily to witness credibility—not competency. The appellant was free to challenge the credibility of the experts' testimony on the basis that they had heard testimony by prior witnesses. From our reading of the record we are not convinced that the appellant was prejudiced by the trial court's action. Absent any prejudice to the appellant, we cannot say that the trial judge abused his discretion. *Cooley* v. *State*, 4 Ark. App. 238, 629 S.W.2d 311 (1982).

The appellant's second argument is that the court erred in imposing a 12 year sentence of imprisonment and a $5,000.00 fine when the jury verdict form was completed in a manner indicating a sentence of either 12 years imprisonment "or" a fine of $5,000.00. The jury verdict form, in accordance with the judge's instructions, read:

> We, the Jury, find DEXTER GENE MARTIN guilty of battery in the first degree and fix his sentence at:
>
> (A) A term of _____
> (not less than 5 years nor more than 20 years)

in the Arkansas Department of Correction; OR,

(B) A fine of _____ dollars; OR,
          (not exceeding $15,000.00)

(C) Both a term of _____
          (not less than 5 years nor more than 20 years)

in the Arkansas Department of Correction and a fine of

_____ dollars.
(not exceeding $15,000.00)

The jury inserted "12 YRS" on line (A) and "$5,000.00" on line (B). In open court, the trial judge read the verdict as 12 years "and" a fine of $5,000.00. The judge then inquired of the jury foreman whether the verdict was unanimous and received an affirmative response. Counsel for the appellant then polled the jury and each member of the jury panel indicated that their verdict had been in accordance with the verdict as read by the trial judge. Appellant's counsel was not made aware of the discrepancy between the completed jury verdict form and the proceedings in open court until a hearing on the day following the trial. At that hearing, the judge stated that after being handed the jury verdict form he had noted that it was possibly an improper verdict but then failed to bring it to the attorneys' attention. The judge eventually ruled that pronouncement of the verdict in open court using the conjunctive "and" followed by a polling of the jury cured any defect in the written verdict form.

In the past, in verdict forms, the blank space for the prison term was frequently followed by the phrase ". . . and/or a fine of ___ dollars." This use of "and/or" was considered so misleading that in some cases it constituted grounds for reversal. *Harris* v. *State*, 262 Ark. 680, 561 S.W.2d 69 (1978). Elaborating on a better practice, our supreme court has set forth a preferable verdict form similar to the one at issue in this case. *Shelton* v. *State*, 261 Ark. 816, 552 S.W.2d 216 (1977). Unfortunately, as is evidenced by this case, use of the preferred form has not completely eliminated the confusion.

We find, however, that any error which might have occurred was harmless because the ambiguity between the written verdict form and the verdict announced in open court was cured both by the acknowledgment of the jury foreman that the

verdict as read was the unanimous verdict of the jury and by the subsequent jury poll by counsel for the appellant. *Hoke* v. *State*, 270 Ark. 134, 603 S.W.2d 412 (1980). We note also that the trial judge had fully instructed the jury as to the various sentencing options—instructions which did not include the option of recommending an "either/or" sentence. *Rowland* v. *State*, 263 Ark. 77, 562 S.W.2d 590 (1978).

Affirmed.

CORBIN, C.J., and COOPER, J., agree.